MORRIS LEVY, Appellant, *v.* MAX COHEN and Others, Respondents.

*Contract for the erection of a church and a guaranty of payment to the contractor of the sum to be paid to him thereunder — when the guaranty is assignable — a complaint based on such guaranty by one who, as assignee of the contractor, erected the church — it need not allege prior action against the principal debtor nor the execution of a new guaranty to the assignee — effect of the words "duly assigned" as implying, if necesssary, a new guaranty to the assignee.*

The complaint in an action alleged that the defendants executed to one Margovitz, who had taken the contract to construct a house and synagogue for a religious corporation called "Chebra Chai Odom Anshi Minsk," the following guaranty, "we, the undersigned, * * * hereby severally and jointly undertake and guarantee the payment of the sum of $7,000 for the completion of the synagogue and other works at 89 Henry Street, in the City of New York, Borough of Manhattan, pursuant to a contract entered into this day by and between the said congregation and Morris Margovitz of the City of New York, and we hereby agree and undertake that we will pay the sum of $7,000, agreed upon in said contract to said Morris Margovitz, upon the failure of the said congregation to pay same as provided in said contract. And we further guarantee that upon the failure of the said congregation to make payment of any of the installments mentioned in the contract between said congregation and said Morris Margovitz, that we shall pay same upon demand."

The complaint also alleged that thereafter, and before Margovitz had entered on the performance of the contract, and with the knowledge and consent of the religious corporation and of the defendants, Margovitz, for a good and valuable consideration, *duly* assigned the contract and guaranty to the plain-

tiff; that the plaintiff performed the contract and that the religious corporation and the defendants accepted such performance as complete; that there was a balance due on the contract of $4,050, for which he demanded judgment.

*Held,* that the complaint was not demurrable on the ground that it did not state a cause of action;

That the guaranty being one of payment, the action was maintainable without proceeding against the principal debtor;

That the contention that the guaranty was a special guaranty, given because of trust and confidence reposed in Margovitz and was consequently personal to him and not assignable by him, was refuted by the fact that before Margovitz had entered upon the performance of the contract it was duly assigned to the plaintiff with the consent of the defendants;

That even if it were necessary, in order to render the defendants liable to the plaintiff, that the assignment of the contract should be followed by a new written guaranty running to the plaintiff, the complaint, by alleging that Margovitz *duly* assigned the guaranty, sufficiently alleged the execution of the new guaranty, for the reason that the word " duly," in legal parlance, means "according to law," and includes both form and substance;

That the execution of a new guaranty was not, however, necessary, for the reason that, as the original guaranty was not a special one, the assignment of the contract carried with it an assignment of the guaranty.

APPEAL by the plaintiff, Morris Levy, from an interlocutory judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 24th day of October, 1904, upon the decision of the court, rendered after a trial at the New York Special Term sustaining the defendants' demurrer to the plaintiff's complaint.

*Harry A. Gordon,* for the appellant.

*A. Stern,* for the respondents.

PATTERSON, J.:

The defendants are guarantors of the performance of a contract whereby one Morris Margovitz agreed to complete for a religious corporation called " Chebra Chai Odom Anshi Minsk," all work on the house and synagogue of that corporation in Henry street, in the city of New York, according to plans and specifications made by an architect. The guaranty of the defendants is in the following words: " For and in consideration of the sum of One Dollar and other good and valuable consideration, we, the undersigned, members of the Congregation Chebra Chai Odom Anshi Minsk, hereby

severally and jointly undertake and guarantee the payment of the sum of $7,000 for the completion of the synagogue and other works at 89 Henry Street, in the City of New York, Borough of Manhattan, pursuant to a contract entered into this day by and between the said congregation and Morris Margovitz of the City of New York, and we hereby agree and undertake that we will .pay the sum of $7,000, agreed upon in said contract to said Morris Margovitz, upon the failure of the said congregation to pay same as provided in said contract. And we further guarantee that upon the failure of the said congregation to make payment of any of the installments mentioned in the contract between said congregation and said Morris Margovitz, that we shall pay same upon demand."

The guaranty was signed by all of the defendants and was acknowledged before a notary public on the 12th day of August, 1901. It is alleged in the complaint that thereafter and on or about the 19th of August, 1901, and before Morris Margovitz had done any work or furnished any materials under said contract, and with the knowledge and consent of the religious corporation and the defendants, the said Morris Margovitz for a good and valuable consideration duly assigned, transferred and set over to the plaintiff the said contract and guaranty, together with all his right, title and interest therein; and that the plaintiff duly furnished all the materials and work required by the contract, except certain minor details which were expressly waived both by the religious corporation and the defendants, and the religious corporation and the defendants accepted and adopted the work done and the materials furnished by the plaintiff as a full and complete compliance with and performance of said contract; that the plaintiff did not obtain a certificate of the architect for the reason that the religious corporation and the defendants waived such requirements as to payments and as to the balance remaining due on the contract, and that the plaintiff demanded the certificate from the architect, but said architect unjustly and wrongfully refused to give it; that there was a balance due on the contract of $4,050, and judgment was demanded for that amount.

The guaranty is one of payment, and being such the action is maintainable without proceeding against the principal debtor. (*McMurray* v. *Noyes,* 72 N. Y. 523.) The defendants demurred

to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained and the plaintiff appealed.

The decision of the court below is based upon the assumption that the guaranty was special in its scope and the guarantors only bound themselves to Margovitz, the original contractor; that it was not assignable, as no right of action had arisen thereon; that, although it is stated in the complaint that the assignment of the guaranty was with the consent of the defendants, such consent would not create a liability unless it were followed by a new written guaranty to the plaintiff, based on a new consideration, and in support of the last proposition the case of *Evansville Nat. Bank* v. *Kaufmann* (93 N. Y. 273) is cited. It is not to be controverted that where a special guaranty contemplates a trust in the person to whom it is addressed and no cause of action arises thereon, except upon compliance with its condition by such person, no other person can accept its terms or acquire any advantage therefrom. The court below erred in assuming that this was a case of a special guaranty given because of trust or confidence reposed in Margovitz. It is a mere builder's contract, and that the guaranty was not special is shown by the fact that before Margovitz did anything whatever under the contract it was assigned to the plaintiff with the consent of the defendants. It is assumed by the court below that the consent given was not followed by a new written guaranty to the plaintiff. If that is at all material, in view of the nature of the guaranty, the complaint is sufficient, for it alleges that, with the knowledge and consent of the defendants, Margovitz, for good and valuable consideration, *duly* assigned the guaranty. "Duly," in legal parlance, means "according to law." It does not relate to form merely, but includes both form and substance. (*Brownell* v. *Town of Greenwich*, 114 N. Y. 527.) The allegation is sufficient to show that whatever was necessary to constitute a valid assignment was done. But we are of the opinion that the assignment of the original contract carried with it an assignment of the guaranty. Not being a special guaranty that result was operated. The writing states that the defendants severally and jointly undertook and guaranteed the payment of $7,000 for the completion of a synagogue and other work, pursuant to contract.

The promise and undertaking of the defendants is that the guarantors will pay the sum agreed upon in said contract to said Morris Margovitz upon the failure of the congregation to pay, and that is all. It is evident from this that the purpose was to secure the building of a synagogue, and when, before anything was done, the defendants consented to the assignment of the contract and guaranty to the plaintiff, they intimated by their action that there was no special reliance upon Margovitz as the builder. As said before the original contract was assignable. The rule is stated in *New York Bank Note Co.* v. *Hamilton Bank Note Co.* (180 N. Y. 291) as follows: " Doubtless, the general rule is that an executory contract not necessarily personal in its character, which can, consistent with the rights and interests of the adverse party, be sufficiently executed by the assignee, is assignable in the absence of agreement in the contract. (*Devlin* v. *Mayor, etc., of N. Y.*, 63 N. Y. 8; *New England Iron Company* v. *Gilbert Elevated R. R. Co.*, 91 N. Y. 153; *Rochester Lantern Co.* v. *Stiles & Parker Press Co.*, 135 N. Y. 209.) " The original contract being assignable and there being no trust or confidence reposed in Margovitz, the guaranty must be regarded as a general one and passes with the principal obligation ; for it is entirely immaterial to whom the money was paid so long as the contract was performed. (*Everson* v. *Gere*, 122 N. Y. 290.) Notwithstanding its being a guaranty to pay Margovitz it is one which he could assign with the principal contract as was held in *Stillman* v. *Northrup* (109 N. Y. 480, 481).

The interlocutory judgment should be reversed and the demurrer overruled, with costs, with leave to the defendants to withdraw demurrer and to answer the complaint within twenty days from the service of the order to be entered on this decision and on the payment of costs in this court and in the court below.

VAN BRUNT, P. J., INGRAHAM, McLAUGHLIN and LAUGHLIN, JJ., concurred.

Judgment reversed, with costs, and demurrer overruled, with costs, with leave to defendants to withdraw demurrer and to answer on payment of costs in this court and in the court below.