### JANVEY v. LOKETZ et al.

(Supreme Court, Appellate Division, Second Department. November 22, 1907.)

1. ASSIGNMENTS—CONTRACT FOR DECORATING BUILDING—CONSENT OF OWNER
   —SUFFICIENCY OF EVIDENCE.
      Evidence *held* not to warrant a nonsuit on the ground that defendants did not know of or consent to an assignment to plaintiff of a contract to decorate defendants' building.

2. TRIAL—NONSUIT—CONSTRUCTION OF EVIDENCE.

On motion for nonsuit, plaintiff is entitled to the most favorable inferences deducible from the evidence, and contested facts are to be presumed in his favor.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 374.]

3. ASSIGNMENTS—CONTRACTS—PAINTING AND DECORATING BUILDING.

A contract for the painting, decorating, and whitewashing of a building is assignable, since it does not involve a personal confidential relation, or exceptional personal skill or knowledge, which alone would make the contract nonassignable.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 4, Assignments, §§ 25–31.]

4. EVIDENCE—VARYING WRITTEN INSTRUMENT—PRIOR CONVERSATIONS.

Testimony as to conversations prior to or at the time of the making of a written contract is not admissible, since it must be presumed that the oral negotiations were merged in the instrument.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 1756–1765.]

Appeal from Municipal Court, Borough of Brooklyn, Seventh District.

Action by Isaac Janvey against Louis Loketz and another. Judgment for defendants, and plaintiff appeals. Reversed, and new trial ordered.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Louis Pleshet, for appellant.

Alfred A. Shlickerman, for respondents.

WOODWARD, J. The pleadings were oral; the complaint being for labor and materials furnished, and the answer a general denial. The plaintiff's complaint was based on two causes of action— one to recover a balance of $70, under a contract subsequently assigned to the plaintiff, made by the defendants and one Jacob Aaronson for the performance, at the consideration of $165, of certain painting, decorating, and whitewashing in a certain house belonging to the defendants on Saratoga avenue; the other, to recover the agreed price, $45, for certain extra work performed for the defendants by the plaintiff. The assignment to the plaintiff of the contract, with all "right, title, and interest" therein, by Aaronson, for the consideration of one-half of the profits, was received in evidence. The defendant claims that he had no knowledge of the assignment of the contract by Aaronson to the plaintiff, that he did not assent thereto, and, furthermore, that the contract between the original parties is not assignable, for the reason that, since the subject of the agreement was personal services, another person could not be substituted for their performance. The defendant also states in his answer that the facts (which are not disputed) that three of the four payments were made direct to Aaronson himself subsequent to the date of the alleged assignment of the contract to the plaintiff, that the receipts for the said three payments were given by Aaronson, and that the other payment of $5, the only one made to the plaintiff in person, was made to him for Aaronson, and that the receipt there

for, at the demand of the defendants, was given by the plaintiff in the name of Aaronson, disprove their assent to and their knowledge of the assignment.

I have read the evidence with great care, and cannot but conclude, in view of the several important contradictions in the defendants' testimony, that the defendants were not only aware that the agreement had been assigned by Aaronson to the plaintiff, but that they fully assented thereto. This was borne out by the testimony of the plaintiff's witnesses Goldberg and Kurss, who, while in his employ and being in the same room with the plaintiff and the defendant, heard the assent of the latter to the assignment of the contract to the plaintiff, as well as the statement by the defendant that he was satisfied with the new arrangement and with the substitution of the plaintiff for Aaronson. Aaronson himself testified to the same effect. and the defendant's denial, which is self-contradictory at almost every point, seems altogether insufficient to support his contention. The witness Aaronson also testified that the checks received by him for the work done in pursuance of the contract were all delivered to and indorsed by the plaintiff, and that he informed the defendants that such payment was for the plaintiff. In consideration of this testimony the failure of the defendants to produce the checks in the case is significant of the weakness of their position. In view of these facts I do not see that the plaintiff failed to establish his causes of action. It is the rule that, in case of nonsuit, the party nonsuited is entitled to the most favorable inference deducible from the evidence, and that the contested facts are to be presumed in his favor. Higgins v. Eagleton, 155 N. Y. 466, 50 N. E. 287. The plaintiff was therefore entitled to a determination of the rights of the parties upon the merits, and the court was plainly in error when it dismissed the plaintiff's action.

It also appears that there was a substantial performance of the contract by the plaintiff, and that the extra work was done by him according to agreement. That the contract calling for the performance of certain painting, decorating, whitewashing, and wall paper work was assignable is established by many authorities. In Devlin v. Mayor et al., 63 N. Y. 17, Judge Allen says:

"When the contract is executory in its nature, and an assignee or personal representative can fairly and sufficiently execute all that the original contractor could have done, the assignee or representative may do so and have the benefit of the contract."

Thus a contract to build a steamboat, to erect a synagogue, and to build a railroad has been held to be assignable; for it is plain, as in the case at bar, that such contract involves no personal confidential relation and no exceptional personal skill or knowledge, the requirement of which alone would make a case nonassignable. As was said by Judge Cullen (N. Y. Bank Note Co. v. Hamilton Bank Note Co., 180 N. Y. 291, 73 N. E. 51):

"The general rule is that an executory contract not necessarily personal in its character, which can, consistent with the rights and interests of the adverse party, be sufficiently executed by the assignee, is assignable, in the absence of agreement in the contract."

However, the evidence clearly established the knowledge and the consent of the defendants to such assignment, and the objection of the plaintiff to the testimony by the defendant and by the witness Loketz in reference to certain conversations at the time of or prior to the making of the contract should have been sustained, for it must be presumed that such alleged oral agreements or negotiations were merged in the written instrument.

The judgment should be reversed, and a new trial ordered; costs to abide the event.    All concur.