### WETTER v. KLEINERT.

(Supreme Court, Appellate Division, Second Department.  June 17, 1910.)

1. CONTRACTS (§ 159*)—CONSTRUCTION—"AT ONCE."
   Where a wrecking contract provided that plaintiff was to remove a certain building "at once," and others at specified times, the words "at once" meant within such time as was reasonable under the attending circumstances.
   [Ed. Note.—For other cases, see Contracts, Dec. Dig. § 159.*
   For other definitions, see Words and Phrases, vol. 1, pp. 610, 611.]

2. CONTRACTS (§ 280*)—ACTION FOR BREACH—PERSONAL CONTRACT—SUBCONTRACTORS.
   In an action on a wrecking contract, a contention by defendant that the contract was personal, and that plaintiff broke the contract by selling the building materials to other parties, who were to wreck the buildings and remove the materials, was untenable, since the work was not necessarily to be done by plaintiff in person, and, there being no assignment of the contract by plaintiff, his agreement with the parties to whom he sold the building material simply made them subcontractors in the work of wrecking, and the contract between plaintiff and defendant still remained, for the enforcement of the rights and duties of each other.
   [Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1251½; Dec. Dig. § 280.*]

3. DAMAGES (§ 117*)—MEASURE—BREACH OF EXECUTORY CONTRACT.
   The measure of damages for breach of an executory contract is compensation for only such advantages as the parties must be deemed to have had in mind in making the agreement, excluding all contingent and uncertain profits; and a party who has been wrongfully deprived of gains and profits may recover the difference between the contract price and the amount it would have cost to perform the contract.
   [Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 285, 286; Dec. Dig. § 117.*]

4. DAMAGES (§ 40*)—BREACH OF CONTRACT—MEASURE OF DAMAGES—LOSS OF GAINS.
   A party is not entitled, in seeking compensation for loss of gains upon a breach of the contract by the other party, to the benefit of, or to be indemnified against, a contract made by him with third persons, not in contemplation of the parties when the agreement was made; the advantages and benefits of the subcontracts being quite too uncertain and contingent to be considered in estimating the profits the original contractor might have made under his contract.
   [Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 72–88; Dec. Dig. § 40.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Queens, Third District. Action by Leo Wetter against Albert E. Kleinert. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before WOODWARD, JENKS, BURR, RICH, and CARR, JJ.

Hirsh & Rasquin, for appellant.
Henry M. Levin, for respondent.

CARR, J. The defendant appeals from a judgment in favor of the plaintiff in the sum of $500 and costs, entered on a verdict of a jury in an action tried in the Municipal Court.

The parties entered into an agreement in writing under which the plaintiff was to wreck certain old buildings on Wyckoff street and Fulton street in the borough of Brooklyn, and for which the plaintiff was to receive the sum of $200, payable in specified installments, and to have the ownership of the old material, except the bricks, which the plaintiff was to clean and pile for the defendant's use. As to the time of performance, the agreement, which is dated May 17, 1909, specifies as follows:

"The lower building on Wyckoff St. to be removed at once; the other remaining to be removed on or about June 1st. The Fulton St. building to be removed after June 1st."

The plaintiff claims that, after he had started upon the work of removing one of the Wyckoff street buildings, the defendant broke the contract by declaring it at an end and by refusing to permit the plaintiff to proceed with its performance. He claimed as damages the amount of $200, payable to him under the written agreement, together with the reasonable value of the building materials which the contract gave to him. The defense was that the plaintiff did not begin the work of removing the lower building on Wyckoff street "at once," but delayed several days before it was begun, and hence failed in his agreement to such an extent as to entitle the defendant to declare the entire contract at an end. It was further claimed that the contract between the parties was personal, involving the idea of special skill and facilities on the part of the plaintiff, who, in violation of this condition, did not proceed with the work himself, but sold the building materials to other parties, who by the contract of sale became charged with the duty of wrecking the buildings and removing the materials.

On the question of the time of performance, the defendant gave evidence as to directions to the plaintiff as to the necessity of the immediate beginning of the work of removal on Wyckoff street. The court instructed the jury that the words "at once" were to be construed as meaning within such time as was reasonable under the attending circumstances. This was not error. Cohen v. Silverman, 4 App. Div. 503, 40 N. Y. Supp. 8, and cases cited.

As to the contention that the contract was a personal one, the defendant relies upon Devlin v. Mayor, 63 N. Y. 8; but that case does not support the contention. There was no assignment of the contract in question by the plaintiff, as his agreement with the parties to whom he sold the building material simply made them as to him subcontract-

ors in the work of wrecking. This work was not necessarily to be done by the plaintiff personally. New England Iron Co. v. Gilbert El. R. R. Co., 91 N. Y. 153, 167. The contract between the plaintiff and the defendant still remained, for the enforcement of the rights and duties of each other.

There is, however, a serious error in the manner by which the damages were measured on the trial, and which requires a reversal of the judgment. The well-settled law as to the measure of damages for a breach of an executory contract is stated in Devlin v. Mayor, ut supra, as follows:

"The measure of damages in an action for a violation of an executory agreement is too well settled by authority to require discussion, and the rule adopted by the courts commends itself for its simplicity, as well as equity and good sense. It secures to the injured party as a compensation only such advantages as the parties must be deemed to have had in their minds in making the agreement, and excludes all contingent and uncertain profits, everything that may not reasonably be supposed to have been within the contemplation of the contracting parties and would not naturally follow the breach. The party who has been wrongfully deprived of the gains and profits of an executory contract may recover as an equivalent, and by way of damages, the difference between the contract price, the amount which he would have earned and been entitled to recover on performance, and the amount which it would have cost him to perform the contract. [Authorities cited.]"

Now in the case at bar there was a conflict of testimony as to what was the reasonable value of the building materials to be removed after deducting the cost of removal. To meet this situation, the learned counsel for the plaintiff asked the court to instruct the jury that they might allow the plaintiff to recover his profits on the sub-contract which he had made, and as to which, if they were recoverable in this action, there was no dispute, as they were set forth in writing. The court did so practically instruct the jury over the defendant's objection. This was error, for, as was said in Devlin v. Mayor, ut supra:

"Any incidental advantages which the contractor could secure by favorable contracts for parts of the work were not in the minds of the parties, and cannot avail to the party seeking damages for the violation of the agreement. Such a contract is not evidence for any purpose against the party who has only undertaken for damages, upon the principle and measured by the rule referred to. * * * A party is not entitled, in seeking compensation for the loss of gains upon a breach of the contract by the other party, to the benefit of, or to be indemnified against, a contract made with third persons, not in contemplation of the parties when the agreement was made. [Cases cited.] The advantages and benefits of the subcontracts are quite too uncertain and contingent to be taken into consideration in estimating the profits the original contractor might have made under his contract."

In the case at bar the verdict rendered is on its face based upon the supposed profits of the plaintiff's subcontracts.

The judgment of the Municipal Court should be reversed, and a new trial ordered; costs to abide the event. All concur.