(162 App. Div. 381)

NASSAU HOTEL CO. v. BARNETT & BARSE CORPORATION et al.
(No. 5637.)

(Supreme Court, Appellate Division, First Department. May 1, 1914.)

1. LANDLORD AND TENANT (§ 74*)—ASSIGNMENT OF LEASE—RIGHT TO ASSIGN.
    Plaintiff leased to defendants, one of whom was an experienced hotel man, a hotel and its furnishings valued at more than a million dollars and agreed to accept as rental a percentage of the gross receipts. Defendants were financially responsible, and plaintiff was induced to make the lease because of his confidence in defendants' responsibility and because of their personal agreement to carry out the terms of the lease. *Held*, that the lease was not assignable by defendants to a corporation formed by them.
    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 221; Dec. Dig. § 74.*]

2. LANDLORD AND TENANT (§ 37*)—CONSTRUCTION OF LEASE.
    The intention of the parties to a lease or other contract is to be gathered from the entire instrument, and not from a particular clause.
    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 98; Dec. Dig. § 37.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. ASSIGNMENTS (§ 19*)—CONTRACTS—PERSONAL RELATIONS.

    A contract which involves personal confidence in one of the parties is not assignable; the other party having the right to the benefit of personal performance by the party in reliance on whose ability or character the contract was executed.

    [Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 28–31; Dec. Dig. § 19.*]

    Appeal from Special Term, New York County.

    Action by the Nassau Hotel Company against the Barnett & Barse Corporation, impleaded with others. From an order denying motion for judgment on the pleadings and overruling a demurrer to the complaint, the defendant named appeals. Order affirmed.

    Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

    Henry H. Abbott, of New York City, for appellant.
    Martin Conboy, of New York City, for respondent.

    McLAUGHLIN, J. Plaintiff owns a hotel at Long Beach, L. I., and on the 21st of November, 1912, it entered into a written agreement with the individual defendants Barnett and Barse to conduct the same for a period of years. On April 14th following, the agreement was modified and incorporated into another one of that date between the same parties, which is the only one that need be considered. Shortly after this agreement was signed, Barnett and Barse organized the Barnett & Barse Corporation with a capital stock of $10,000, and then assigned the agreement to it. Immediately following the assignment, the corporation went into possession and assumed to carry out its terms. The plaintiff thereupon brought this action to cancel the agreement and to recover possession of the hotel and furniture therein, on the ground that the agreement was not assignable. The corporation demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and the corporation appeals.

    The only question presented is whether the agreement was assignable. It provided, according to the allegations of the complaint, that the plaintiff leased the property to Barnett and Barse with all its equipment and furniture for a period of three years, with a privilege of five successive renewals of three years each. It expressly provided:

    "That said lessees shall forthwith, upon becoming possessed of the hotel situated upon the premises hereinbefore described, its furniture and equipment, become responsible for the operation of the said hotel and for the upkeep and maintenance thereof and of all its furniture and equipment in accordance with the terms of this agreement and the said lessees shall have the exclusive possession, control and management thereof. * * * The said lessees hereby covenant and agree that they will operate the said hotel at all times in a first-class business-like manner, keep the same open for at least six (6) months of each year. * * *" and "in lieu of rental the lessor and lessees hereby covenant and agree that the gross receipts of such operation shall be, as received, divided between the parties hereto as follows: (a) Nineteen per cent. (19%) to the lessor. * * * In the event of the failure of the lessees well and truly to perform the covenants and agreements herein contained," they should be liable in the sum of $50,000 as liquidated damages. That "in con-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sideration and upon condition that the said lessees shall well and faithfully perform all the covenants and agreements by them to be performed without evasion or delay the said lessor for itself and its successors, covenants and agrees that the said lessees, their legal representatives and assigns may at all times during said term and the renewals thereof peaceably have and 'enjoy the said demised premises." And that "this agreement shall inure to the benefit of and bind the respective parties hereto, their personal representatives, successors and assigns."

The complaint further alleges that the agreement was entered into by plaintiff in reliance upon the financial responsibility of Barnett and Barse, their personal character, and especially the experience of Barnett in conducting hotels; that, though he at first held a controlling interest in the Barnett & Barse Corporation, he has since sold all his stock to the defendant Barse, and has no interest in the corporation and no longer devotes any time or attention to the management or operation of the hotel.

[1] I am clearly of the opinion that the agreement in question was personal to Barnett and Barse and could not be assigned by them without the plaintiff's consent. By its terms the plaintiff not only intrusted them with the care and management of the hotel and its furnishings—valued, according to the allegations of the complaint, at more than $1,000,000—but agreed to accept as rental or compensation a percentage of the gross receipts. Obviously, the receipts depended to a large extent upon the management, and the care of the property upon the personal character and responsibility of the persons in possession. When the whole agreement is read, it is apparent that the plaintiff relied, in making it, upon the personal covenants of Barnett and Barse. They were financially responsible. As already said, Barnett had had a long and successful experience in managing hotels, which was undoubtedly an inducing cause for plaintiff's making the agreement in question and for personally obligating them to carry out its terms.

[2] It is suggested that because there is a clause in the agreement to the effect that it should "inure to the benefit of and bind the respective parties hereto, their personal representatives and assigns," that Barnett and Barse had a right to assign it to the corporation. But the intention of the parties is to be gathered, not from one clause, but from the entire instrument (People v. Gluck, 188 N. Y. 167, 80 N. E. 1022; Herryford v. Davis, 102 U. S. 235, 26 L. Ed. 160), and when it is thus read it clearly appears that Barnett and Barse were to personally carry out the terms of the agreement and did not have a right to assign it. This follows from the language used, which shows that a personal trust or confidence was reposed by the plaintiff in Barnett and Barse when the agreement was made.

In Arkansas Valley Smelting Co. v. Belden Mining Co., 127 U. S. 379, 8 Sup. Ct. 1308, 32 L. Ed. 246, Mr. Justice Gray, in delivering the opinion of the court, said:

"The rule upon this subject, as applicable to the case at bar, is well expressed in a recent English treatise: 'Rights arising out of contract cannot be transferred if they are coupled with liabilities, or if they involve a relation of personal confidence such that the party whose agreement conferred

those rights must have intended them to be exercised only by him in whom he actually confided.' Pollock on Contracts (4th Ed.) 425."

This rule was applied in New York Bank Note Co. v. Hamilton Bank Note Co., 180 N. Y. 280, 73 N. E. 48; the court holding that the plaintiff—the assignee—was not only technically, but substantially, a different entity from its predecessor, and that the defendant was not obliged to intrust its money collected on the sale of the presses to the responsibility of an entirely different corporation from that with which it had contracted, and that the contract could not be assigned to the plaintiff without the assent of the other party to it.

[3] The reason which underlies the basis of the rule is that a party has the right to the benefit contemplated from the character, credit, and substance of him with whom he contracts (Humble v. Hunter, 12 Q. B., Ad. & El., 310), and in such case he is not bound to recognize either an assignment of the contract or an undisclosed principal (Moore v. Vulcanite Portland Cement Co., 121 App. Div. 667, 106 N. Y. Supp. 393). See, also, Boston Ice Co. v. Potter, 123 Mass. 28, 25 Am. Rep. 9.

The order appealed from, therefore, is affirmed, with $10 costs and disbursements, with leave to the appellant to withdraw its demurrer and answer on payment of the costs in this court and in the court below. All concur.