MAX LEWIS, Plaintiff, *v.* FRANK BOLLINGER and Others, Defendants.

(Supreme Court, Kings Special Term (Trials), April, 1921.)

Option for sale of real estate — when assignable — lease — consideration — Personal Property Law, § 41 — Code Civ. Pro. § 840.

Though an option for the sale of real property, until accepted, is not a contract for its sale, the option is assignable under

section 41 of the Personal Property Law unless the parties by mutual agreement otherwise provide.

The fact that the option was contained in a lease constitutes a good consideration for it, and, where a modification of the option reducing the purchase price and reciting that it was made in consideration of the original lease and the sum of one dollar, is under seal, a consideration, under section 840 of the Code of Civil Procedure, is presumed.

DEMURRER to complaint.

Katsky & Bernstein, for plaintiff.

Lewis C. Grover and A. Lloyd Lott, for defendants.

CROPSEY, J. Mary E. Bollinger made a written lease of real property to John J. Bollinger. The lease contained the provision that the landlord would sell the premises to the tenant at any time during the term for the sum of $14,000. It also provided " that the covenants and agreements contained in the within lease are binding on the parties hereto and their legal representatives." Later, the same parties executed a supplemental agreement modifying the option by providing that the tenant might purchase for $12,000 instead of $14,000. John J. Bollinger assigned the lease and his rights under the option, and there were subsequent assignments thereof. Finally, the rights under the lease, including the option, were held by Herbert Kiowsky and Louis Lewis. These individuals then assigned their rights to the option to the plaintiff. During the life of the option the plaintiff duly accepted it. The defendants are the heirs at law of Mary E. Bollinger and they refuse to convey the property. This suit is for specific performance or, in the alternative, for damages. All the defendants demur, challenging the sufficiency of the complaint. By

stipulation the allegations of damage are eliminated from the complaint and the decision upon this demurrer is to be without costs.

The question thus presented is whether the assignee of the rights of the holder of an option for the sale of real estate who has accepted the option in time can compel specific performance by the optionor. And if such a right exists, the secondary question arises whether it can be enforced upon the facts alleged in this complaint.

Whatever contention may be made concerning the logic of the decisions, it seems to be well settled in this state that the assignee of a vendee of a contract for the sale of real property cannot merely under his assignment compel specific performance by the vendor. *Hugel* v. *Habel,* 132 App. Div. 327; *Dittenfass* v. *Horsley,* 177 id. 143; affd., 224 N. Y. 560; *Wadick* v. *Mace,* 191 id. 1; *Ide* v. *Brown,* 178 id. 26, 39; *Schuyler* v. *Kirk-Brown Realty Co.,* 193 App. Div. 269. The reason asserted for these decisions is that there is no mutuality of obligation and remedy and that the vendor could not compel the assignee of the vendee to take title and hence the vendor cannot be compelled at the instance of such assignee to give title. But these decisions are not applicable to a situation such as exists in the case at bar.

An option for the sale of real property until accepted is not a contract for its sale. It is merely an offer to sell and an agreement to hold the offer open for a given time. It gives the optionee the right to buy within the fixed time, but unless he accepts the offer he is under no obligation. If the offer is accepted, then, for the first time, there exists a contract for the sale of the property. The offer of the seller having been accepted, there is then an enforceable agreement. And the optionee can require the

owner to specifically perform. *Carney* v. *Pendleton,*
139 App. Div. 152; *Jones* v. *Barnes,* 105 id. 287; *Spitzli*
v. *Guth,* 112 Misc. Rep. 630; *Benedict* v. *Pincus,* 191
N. Y. 377, 382.

May the rights under such an option be assigned?
Whatever may have been the ancient rule, it is and
for many years has been the statute law of this state
that ''Any claim or demand can be transferred ''
except in certain specified cases. Pers. Prop. Law,
§ 41. And the exceptions to this rule do not apply
to the right under an option. The exceptions are to
claims for personal injury, or breach of promise to
marry, or those founded upon a grant made void by
statute, or where such transfer has been expressly
forbidden by statute of the state or of the United
States, or would contravene public policy. Of course
the parties may always by mutual agreement provide
that a claim shall not be transferred. And so the
courts have held contracts for personal employment
and those indicating that the personal responsibility
of the contracting party was relied upon not to be
assignable. In such cases it is held that the nature
of the contract shows that it was the intention of the
parties that it should not be assigned, although it con-
tained no express provision prohibiting it. *New York
Bank Note Co.* v. *Hamilton Bank Note Eng. & Ptg.
Co.,* 180 N. Y. 280, 292; *Arkansas Smelting Co.* v.
*Belden Co.,* 127 U. S. 379, 387; *Delaware County* v.
*Diebold Safe Co.,* 133 id. 473, 488. Even where the
contract contained a clause that it should '' inure to
the benefit of and bind the respective parties
thereto, their personal representatives, successors and
assigns,'' it has been held not to be transferable
because of other provisions showing that that was the
intention of the parties. *Nassau Hotel Co.* v. *Barnett
& Barse Corp.,* 162 App. Div. 381. The question is

one of intention of the parties and if the contract does not show that it was not to be assignable and it is one that does not come within the exceptions mentioned in the Personal Property Law, the right to assign it is absolute. As one of the cases says: " Assignability is · the rule, non-assignability the exception." And this is so, although the contract does not contain a clause making it binding upon assigns or authorizing its transfer. *Devlin* v. *Mayor,* 63 N. Y. 8, 17; *Smith* v. *Craig,* 211 id. 456, 461; *Rosenthal Paper Co.* v. *National Folding Box & Paper Co.,* 226 id. 313, 325; *Janvey* v. *Loketz,* 122 App. Div. 411.

In the case at bar there is nothing to show that the parties intended that the option should not be assigned. The option is to sell for cash, and the rights under it could have been assigned even had the agreement not so provided. The defendants' contention that the modification of the option, by reducing the purchase price, was restricted solely to acceptance by the optionee, lacks conviction. The modification refers to the lease which contained the original option and in effect is but a modification of that option. It changes only one thing in it, namely, the amount of money necessary to be paid. All other provisions of it remain the same. But as has been already stated, even if the original agreement was not expressly made binding upon the parties' assigns, that would be its legal effect.

The option was contained in a lease and that constitutes a good consideration for it. *Carney* v. *Pendleton,* 139 App. Div. 152; *Bullock* v. *Cutting,* 155 id. 825; *Pearson* v. *Millard,* 150 N. C. 303, 307; *Tilton* v. *Sterling Coal & Coke Co.,* 77 Pac. Repr. 758, 760; *Hayes* v. *O'Brien,* 23 L. R. A. 555, 558. The modification of the option recited it was made in consideration of the original lease and the sum of one dollar, and it is

15

under seal. This presumes a consideration. Code **Civ.** Pro. § 840.

Had the assignment to the plaintiff been made after the option had been accepted, he would be in the same position as the assignee of the ordinary contract of purchase, for the acceptance of the option creates the contract. But the option had not been accepted when the rights under it were secured by the plaintiff. He accepted the option and so he personally became obligated to the vendor. There is no lack of mutuality under these circumstances. The only contract for the sale of the property is the one arising out of the option given by defendants' intestate and the acceptance of that option by the plaintiff. Until such acceptance there was no contract of sale. When the plaintiff accepted the option he was then obligated to buy the property and the defendants could have required him to have specifically performed and to have completed his purchase. He necessarily has the same right. While no case in this state has been called to the court's attention directly on this point, there are numerous ones in other states upholding plaintiff's right to maintain this action. *Winslow* v. *Dundom,* 46 Mont. 71, 79–82; *Simmons* v. *Zimmerman,* 144 Cal. 256, 260; *Kerr* v. *Day,* 14 Penn. St. 112; *Napier* v. *Darlington,* 70 id. 64; *Kreutzer* v. *Lynch,* 122 Wis. 474, 478; *House* v. *Jackson,* 24 Ore. 89; *Blakeman* v. *Miller,* 136 Cal. 138; *Cameron* v. *Shumway,* 149 Mich. 634, 640; *Simms* v. *Lide,* 94 Ga. 553; *Perry* v. *Paschal,* 103 id. 134; *Pearson* v. *Millard,* 150 N. C. 303, 309–311. See, also, note to 43 L. R. A. (N. S.) 115–119. Judgment for plaintiff overruling demurrer.

Judgment accordingly.