In the Matter of the Application of MAX LOWENTHAL, as Receiver for E. F. DREW & Co., INC., Respondent.

W. F. GEORGE CHEMICALS, INC., Appellant.

*Arbitration — when receiver of one of the parties to a contract providing for arbitration of differences entitled to an order directing that arbitration proceed.*

*Matter of Lowenthal*, 199 App. Div. 39, affirmed.

(Argued April 18, 1922; decided May 9, 1922.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 16, 1921, which affirmed an order of Special Term directing the appellant herein to proceed to arbitrate its matters in difference with the receiver of E. F. Drew & Co., Inc., in accordance with the terms of a contract dated July 29, 1920.

The following question was certified: Is the receiver of one of the parties to a contract entitled to an order directing that arbitration proceed between said party, through such receiver, and the other party to said contract, in accordance with the terms thereof, which,

among other things, provides as follows: "Whenever it is admitted by the sellers or decided by arbitration that the sellers have failed to fulfill the contract with respect to a specified shipment or delivery, the buyer shall be entitled to and the sellers shall pay whatever damage the buyer has suffered through purchase elsewhere of the specified portion. If before the completion of the contract either party thereto shall suspend payment, or become bankrupt or insolvent, the other party, upon notice being given to the defaulter, shall close the contract forthwith, any difference to be for the account of the defaulter. * * * Disputes or claims of whatever nature relating to this contract shall be settled by arbitration by the Arbitration Committee, N. Y. Produce Exchange, and it is expressly agreed by the parties hereto, that upon application in writing by either the buyer or the seller for the adjudication of a complaint or claim, that the party receiving the written request will attend and proceed with the arbitration as provided for in this paragraph and that both parties agree to be bound by the arbitrator's decision and that judgment of the Supreme Court be rendered upon the award made pursuant to the submission."

*Albert Stickney* for appellant.

*Radcliffe Swinnerton* for respondent.

Order affirmed, with costs, and question certified answered in the affirmative; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.