HARRY R. ROEDER, INC., and Another, Respondents, *v.* OTTO R. ROEDER, Appellant.

First Department, July 1, 1932.

*Max Ornstein* of counsel [*M. W. Markowitz*, attorney], for the appellant.

*Irwin Isaacs*, for the respondents.

McAVOY, J. The first cause of action alleged in the complaint declares that on September 28, 1920, the plaintiff corporation at a regular meeting of its stockholders and directors passed a resolution authorizing the transfer of the premises 102 West Seventy-third street, borough of Manhattan, in the city of New York, to one of its directors, the defendant herein, in violation of the Stock Corporation Law.

The second cause of action alleges that the deed to the premises in question executed September 30, 1920, was executed by a person

not an officer of the corporation and not authorized by the corporation to execute a deed to the corporate property.

The plaintiff Harry R. Roeder, Inc., is a domestic business corporation with an authorized capital stock of 320 shares of common stock of a par value of twenty-five dollars each.

On September 28, 1920, and for several years prior thereto, the defendant was the lawful owner and holder of 320 shares of said corporation, being all its capital stock. He was thus in effect the beneficial owner of all the corporate property, although legal title was vested in the corporate body.

A deed dated September 30, 1920, was executed and delivered in the presence of Harry Roeder, one of the plaintiffs. This deed, executed by Otto Roeder, as president of the plaintiff corporation, conveyed the property in question.

After the execution and delivery of the deed to the defendant it was duly recorded in the proper office.

Harry Roeder asserts that he was the president of the corporation on September thirtieth, and not Otto Roeder, and, therefore, said Otto Roeder did not have any authority to execute the deed. Harry Roeder seeks to have the deed so executed declared null and void. Harry Roeder asserts that he is the owner of all the stock, having obtained same after the said resolution authorizing the transfer to Otto Roeder.

Defendant denies he ever transferred the stock and insists that he is still owner thereof. We find the fact question in favor of defendant and conclude there was no transfer of stock to Harry Roeder.

At the time of the transfer the corporation had no creditors.

There is no evidence that Harry Roeder paid any consideration for any stock of the corporation issued to him.

The stock certificates which are alleged to have been indorsed by the defendant to Harry Roeder were not produced on the trial.

As Otto Roeder was the owner of all the stock of the corporation, it was not unlawful for the corporation to transfer to him the real estate held in its name.

During a period of ten years and more the defendant openly exercised ownership and possession of the property. He collected the rents and held them to his own use. He managed the property as his own.

Both plaintiffs recognized the defendant as the owner, by accepting leases from him and paying rent to defendant. The plaintiff corporation after occupying the premises for a number of years, executed a surrender of the lease to the defendant as landlord.

During the ten years neither of the plaintiffs ever paid any taxes,

mortgages, insurance or any charges against the property. Our conclusion is that plaintiffs have not shown any right to relief.

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

FINCH, P. J., MARTIN, O'MALLEY and TOWNLEY, JJ., concur.

Judgment reversed, with costs, and complaint dismissed, with costs. Settle order on notice, reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.