### CANISTER CO. v. NATIONAL CAN CORPORATION.

### CANISTER CO., Inc., v. SAME.

Civil Actions Nos. 309 and 365.

District Court, D. Delaware.
Feb. 19, 1947.

See also 71 F.Supp. 49 and 6 F.R.D. 613.

Stuart N. Updike, J. Howard Carter, and John R. Schoemer, Jr. (of Townley, Updike & Carter), all of New York City, N. Y., and Hering, Morris, James & Hitchens, of Wilmington, Del., for plaintiffs.

William S. Potter and Daniel F. Wolcott (of Southerland, Berl & Potter), all of Wilmington, Del., for defendant.

LEAHY, District Judge.

Defendant's motions are denied. The motion to amend must be denied because it is not timely, irrespective of the correctness of the interpretation that the proposed defense is legally insufficient under New York law. In the previous memorandum discussing this phase of the case (see' D.C., 6 F.R.D. 613) it was apparently not clear to defendant that the court used timeliness in the broad sense and not simply to signify some particular stage of the proceeding. The court has already held that the question of the duration of the contract was within the separate issues tried as respects termination of the contract because of the amendment to M–81. It necessarily follows that termination of the contract, because the assignment by plaintiff was voidable as against defendant, was likewise within the separate issues tried. At the time suit was commenced, PX. A and B to the complaint disclosed the transfer of assets; at the trial of the separate issues defendant examined plaintiff at length on the circumstances surrounding the transfer. In short, defendant could have challenged the validity of the assignment of the contract in suit for failure of notice to defendant in its original answer or at the trial. As to the defendant, the duration of the contract ended on either March 15, 1943, or on April 1, 1943, the dates of the assignment from Company to Inc. If the assignment was legally insufficient, it means only that defendant failed to allege and prove its strongest defense.

It is against this background that I held the proposed amendment was not timely and I did not mean it lacked timeliness simply because of the particular stage of the proceeding. As stated, the duration of the

contract was in issue and if the assignment was voidable, defendant took no position that the agreement was at an end on the date of assignment when that issue was being tried. Cases which hold that amendments may be granted even after trial to make the pleadings conform to the proof are wholly inapplicable because there was no proof at the trial relating to the assignment on which defendant apparently desired to frame an argument; at least no argument was made that the assignment was legally insufficient as to defendant until long after the trial and opinion.

The above reasons are sufficient to deny defendant's motions, irrespective of whether the court correctly interpreted the applicable New York law on assignability of contracts.

But a review of the New York law—both parties have treated it at length in their briefs—once again compels the conclusion that the contract in suit was assignable. For the purpose of returning to the New York law plaintiff admits, arguendo, that if defendant were given its sought discovery five basic facts might be brought forward: (1) Under the terms of the capacity contract defendant was required to advance as much as $108,000 credit to Company (old company); (2) that Inc. (new company) gave a mortgage in the amount of $3,554,250 which was a lien on all the assets prior to any claim defendant might have for goods sold; (3) that immediately after the sale of assets from Company to Inc. the latter had quick assets of less than $100,000; (4) that the transfer resulted in a tax liability of more than $1,000,000 to Company; and (5) that defendant did not know of the assignment at the time it was made or prior to the commencement of the suit at bar. On the basis of such factual framework, defendant makes many arguments.

First, defendant says that the capacity contract was inherently non-assignable because of the "personal" nature of the contract, i. e., the relationship of mutual trust and confidence existing between Gieg and Gwathmey, the presidents of both plaintiff and defendant. But this is not what the law means when it speaks of a "personal contract." [1] The Restatement of the Law of Contracts § 151 says:

"A right may be the subject of effective assignment unless,

"(a) the substitution of a right of the assignee for the right of the assignor would vary materially the duty of the obligor, or increase materially the burden or risk imposed upon him by his contract, or impair materially his chance of obtaining return performance, or

"(b) the assignment is forbidden by statute or by the policy of the common law, or

"(c) the assignment is prohibited by the contract creating the right."

Whiteside, New York Annotations to Restatement of Contracts, says, p. 60: "This section restates in general terms the law of New York." And, as stated before, New York law must be applied to test the assignability of the contract in suit. Under that law if the duty is not so personal as to be incapable of delegation and the defendant's burden under the contract not materially varied or increased or the chance of return performance diminished, then there is no impedimenta to assignability.

Devlin v. Mayor, 1875, 63 N.Y. 8, gives as examples of a contract "personal in nature" such agreements as "promises to marry or engagements for personal services requiring skill, science or peculiar qualifications." [2] In Vandegrift v. Cowles Engineering Co., 161 N.Y. 435, 444, 55 N.E. 941, 944, 48 L.R.A. 685, the Court of Ap-

---

[1] 2 Williston, Contracts (Rev.Ed.) § 419: "Personal responsibility may indeed in some cases prevent a bilateral contract from being assignable even in the limited sense in which that word is properly used—that is, it may prevent either the duty under the contract from being delegated, or the right under it from being assigned, but this will only be where either the right is so personal that it cannot be transferred, or the duty so personal that performance of it cannot be delegated to an agent, even though the original obligor still remains liable."

[2] The Devlin case was cited with approval in New York as recently as 1940. See City Maintenance Corp. v. McDonald, Sup., 19 N.Y.S.2d 692.

peals said: "Where the subject of the contract involves no personal relation or confidence between the parties, or the exercise of personal skill or science, and there are no words restraining its assignment, the mere assignment by one of the parties will not operate as a rescission or termination of the agreement." In Rochester Lantern Co. v. Stiles & Parker Press Co., 135 N.Y. 209, 31 N.E. 1018, 1021, Kelly agreed to purchase certain dies to be made by defendant to Kelly's order. Kelly assigned. In rejecting the argument that the contract was inherently non-assignable because personal · in nature, the Court of Appeals again said: "The contract was not purely personal in the sense that Kelly was bound to perform in person, as his only obligation was to pay for the dies when delivered, and that obligation could be discharged by anyone." The test of assignability in New York is whether performance under the contract is to be given by the assignor personally. Rosenthal Paper Co. v. National Folding Box & Paper Co., 226 N.Y. 313, 123 N.E. 766; Wetter v. Kleinert, 139 App.Div. 220, 123 N.Y.S. 755; Liberty Wall Paper Co. v. Stoner Wall Paper Mfg. Co., 59 App.Div. 353, 69 N.Y.S. 355, affirmed 170 N.Y. 582, 63 N.E.

1119.[3] Under New York law the contract is non-assignable if the performance is required of the assignor personally and cannot be given by an assignee. It is not the law of New York, as defendant here contends, that a contract is personal because of the personal equation between the agents of each company negotiating the contract, especially when we are dealing not with individuals but with two "impersonal", large corporations. New York Bank Note Co. v. Hamilton Bank Note Engraving & Printing Co., 180 N.Y. 280, 73 N.E. 48. Under the demands of modern business, New York supports free assignment. In Gargiulo v. California Wineries & Distilleries, 103 Misc. 691, 171 N.Y.S. 855, 857, it was said: "In brief, public policy favors the assignability of contracts as facilitating commerce and its complex transactions, unless forbidden by the contract itself or by the other consideration mentioned [the "personal" exception]." In addition, the statutory declaration of policy is found in the New York Personal Property Law, Consol. Laws, c. 41, § 41:

"Transfer of claims

"1. Any claim or demand can be transferred, except in one of the following cases:

[3] The following types of contracts have been held not to be personal in character and hence to be fully assignable; a contract for paving of municipal streets (Brewster v. City of Hornellsville, 35 App.Div. 161, 54 N.Y.S. 904); a contract to build an elevated railway (New England Iron Co. v. Gilbert El. R. Co., 91 N.Y. 153); a contract to build a synagogue (Levy v. Cohen, 103 App.Div. 195, 92 N.Y.S. 1074); a contract for the demolition of buildings (Wetter v. Kleinert, 139 App.Div. 220, 123 N.Y.S. 755); a contract to build a steamboat (Vandegrift v. Cowles Engineering Co., 161 N.Y. 435, 55 N.E. 941, 48 L.R.A. 685); a contract to redecorate a dwelling (Janvey v. Loketz, 122 App.Div. 411, 106 N.Y.S. 690); a contract to defend patent infringement claims (Rosenthal Paper Co. v. National Folding Box & Paper Co., 226 N.Y. 313, 123 N.E. 766); a contract containing an arbitration clause (Matter of Lowenthal, 199 App.Div. 39, 191 N.Y.S. 282, affirmed 233 N.Y. 621, 135 N.E. 944); a contract of quasi-partnership for the operation of a department in a retail store (Walton v. Rafel, 7 Misc. 663, 28 N.Y.S. 10); a contract for the purchase of wine (Gargiulo v. California Wineries & Distilleries, 103 Misc. 691, 171 N.Y.S. 855); a contract for livery service (Merritt v. Booklovers' Library, 89 App.Div. 454, 85 N.Y.S. 797); a contract for the purchase of lumber (Pardee v. Kanady, 100 N.Y. 121, 2 N.E. 885); a contract for the purchase of wallpaper (Liberty Wallpaper Co. v. Stoner Wall Paper Co., 59 App.Div. 353, 69 N.Y.S. 355).

The rationale of these cases is clear. The contract is non-assignable if some performance is required of the assignor *personally* which cannot be rendered by an agent or assignee, or if the other contracting party is entitled, by necessary implication, to insist on performance by the assignor alone, which the latter is no longer able to render. What these cases clearly do *not* say is the contention which National now so strenuously makes: That a contract is personal because of the "personal equation" between the agents negotiating the contract, irrespective of the fact that the resulting obligations of their principals are entirely impersonal in character.

"(1) Where it is to recover damages for a personal injury * * *.

"(2) Where it is founded upon a grant, which is made void by statute of the state; or upon a claim to or interest in real property, a grant of which, by the transferrer, would be void by such a statute.

"(3) Where a transfer thereof is expressly forbidden by statute of the state, or of the United States, or would contravene public policy.

    *     *     *     *     *     *

"3. Where a claim or demand can be transferred, the transferrer thereof passes in interest, which the transferee may enforce by an action or special proceeding. * * *"[4]

■ Second, defendant contends that the thirty day credit provision to Company makes the agreement non-assignable to Inc. But, Company is still liable to meet its duties under the agreement. All the assignment did was to add Inc., an additional party from whom defendant might demand payment if it had supplied the goods bargained for. Rochester Lantern Co. v. Stiles & Parker Press Co., 135 N.Y. 209, 31 N.E. 1018; Liberty Wall Paper Co. v. Stoner Wall Paper Mfg. Co., 59 App.Div. 353, 69 N.Y.S. 355, affirmed 170 N.Y. 582, 63 N.E. 1119; Rosenthal Paper Co. v. National Folding Box & Paper Co., 226 N.Y. 313, 123 N.E. 766. After the assignment there were two obligors instead of one.[5]

■ Third, defendant argues that on a motion to amend the court should not con-sider the legal sufficiency of the new defense and that the opinion of this court in Rupe v. Associated Electric Company, D.C., 6 F.R.D. 309, impels this conclusion. In the case at bar, unlike the Rupe case, evidence concerning the assignment was before the court and in such instances the legal insufficiency is a sufficient ground for excluding a defense "obviously insufficient for the purpose for which it is offered". In the Rupe case there were no facts before the court concerning the merits of the defense, so that that case is wholly irrelevant to the matter under consideration.

Accordingly, the motions of defendant are denied.

---

[4] § 41 has been held applicable to an assignment of a chose in action: State Bank v. Central Mercantile Bank, 248 N.Y. 428, 162 N.E. 475, 59 A.L.R. 1473; Lewis v. Bollinger, 115 Misc. 221, 187 N.Y.S. 563.

[5] New York Annotations to the Restatement of Contracts, p. 60: "The rule in New York seems to be that the fact credit was extended to the assignor does not alone make the contract personal or prevent an assignment, since the assignor continues liable in case the assignee does not pay. Rochester Lantern Co. v. Stiles & Parker Press Co., 1892, 135 N.Y. 209, 31 N.E. 1018; Liberty Wall Paper Co. v. Stoner Wall Paper Co., 1901, 59 App.Div. 353, 69 N.Y.S. 355. But in the following cases it was held that the obligor's chance of obtaining return performance was impaired thereby preventing assignment. New York Bank Note Co. v. Hamilton Bank Note Engraving & Printing Co., 1905, 180 N.Y. 280, 73 N.E. 48; Nassau Hotel Co. v. Barnett & Barise Corp., 1914, 162 App.Div. 381, 147 N.Y.S. 283; Paige v. Faure, 1920, 229 N.Y. 114, 118, 127 N.E. 898, 10 A.L.R. 649; Goldschmidt & Loewenick, Inc., v. Diamond State Fibre Co., 1919, 186 App.Div. 688, 174 N.Y.S. 800. Each of these cases involved an element of accounting, or monopoly, or exclusive agency, or development of a market, or assignment to a corporation of limited liability and assets. Cf. Arkansas Valley Smelting Co. v. Belden Min. Co., 1887, 127 U.S. 379, 8 S.Ct. 1308, 32 L.Ed. 246."