**KNITTING MACHINES CORP. et al. v. HAYWARD HOSIERY CO.**

Civ. No. 7258.

United States District Court D. Massachusetts.

Oct. 30, 1950.

See also 9 F.R.D. 706.

Maxwell Fish and Fish, Richardson, & Neave, all of Boston, Mass., for plaintiffs.

Nathan Heard, Boston, Mass., Walter A. Darby, Louis D. Fletcher, New York City, for defendant.

## McCARTHY, District Judge.

This is an action for patent infringement brought by the plaintiffs Knitting Machines Corporation and Kalio, Inc., hereinafter referred to as Kalio, against the defendant Hayward Hosiery Company. The litigation has been long and involved. A motion has been filed by the defendant for an order permitting an amendment to the answer.

There are six patents involved in the action, one called the Liebernecht patent, and five Miller patents. The Liebernecht patent and four of the five Miller patents are concerned in this motion, which concludes with a prayer that the complaint be dismissed as to each of these patents.

The defense which Hayward Hosiery seeks to offer by way of amendment is, briefly, as to each patent: (1) Kalio is the owner of this patent; (2) the United States, through the Attorney General as successor to the Alien Property Custodian, has vested all of the stock of Kalio by virtue of the Trading With the Enemy Act, 50 U.S.C.A.Appendix, and Executive Orders thereunder, and (4) the United States cannot sue any citizen of the United States for infringement of a patent once owned by enemy aliens and now vested by the Attorney General. There is some dispute as to Kalio's ownership of the four Miller patents, but none as to its ownership of the Liebernecht patent. If the argument of defendant fails as to the Liebernecht patent, it must of necessity do so with respect to the others.

Since December of 1943 all of the stock of Kalio has been owned by the United States, it having first been vested by the Alien Property Custodian, later the Attorney General as his successor. The Liebernecht patent, as such, was not vested, but the defendant contends that inasmuch as the United States is the sole stockholder in Kalio, this court should "pierce the corporate veil" and recognize the fact of government ownership of the patent itself. Defendant asserts that since there is no minority interest in Kalio, the patent is owned by the United States as fully and undeniably as though it had been vested directly by the Attorney General.

The answer to the question why the Attorney General or his predecessor in function did not seize the patent directly sheds some light on the problem. Kalio is a domestic corporation organized under the laws of New York. All of the stock of Kalio prior to its seizure was held by alien enemies, and among the assets of the corporation was the patent in question. The stock rather than the corporate property was seized because, with respect to the Trading With the Enemy Act, supra, the property of all *domestic* corporations is characterized as non-enemy and not sub-

ject to seizure, although all of the stock of the corporation be enemy-owned. Hamburg American Line Terminal & Navigation Co. v. United States, 277 U.S. 138, 48 S.Ct. 470, 72 L.Ed. 882. The United States, the sole stockholder in Kalio, is interested in the outcome of the litigation which will affect the corporation whose stock it owns, but the action for infringement is brought by Kalio itself, the owner of the patent, and properly so. The mere fact that the United States is the sole stockholder does not make the United States the owner of the corporate properties. The corporation has a business existence in and of itself. It is a legal entity with assets and liabilities distinct from those of the United States. The fact that it has but one stockholder does not prevent its having such a separate legal status. The United States has no title to the assets of Kalio. Smith v. Higgins, 2 Cir., 102 F.2d 456.

The court is willing to concede that the sole stockholder of a New York corporation is, under the decisions of that State, considered the *beneficial* owner of corporate property, at least for some purposes. Roeder v. Roeder, 236 App.Div. 87, 258 N.Y.S. 44. But, "beneficial" ownership is not the equivalent of title. The court subscribes to the principle enunciated in Schering Corporation v. Gilbert, 2 Cir., 153 F.2d 428, 434, and does not feel that its application is limited to cases in which the United States is one of several stockholders rather than sole stockholder. Kalio, therefore, is the owner of the patent entitled to sue for its infringement. The question whether the United States may sue on a patent it owns is not reached.

Under Rule 15(a), Federal Rules of Civil Procedure, 28 U.S.C.A., amendments are granted with great liberality, but the court will not grant an amendment which seeks to add a defense which is obviously insufficient for the purpose for which it is offered. Canister Co. v. National Can Corporation, D.C., 71 F.Supp. 45, 49. No testimony is necessary or relevant to the issues arising under the proposed amendment, both parties desire that the legal sufficiency of the asserted defense be determined by the court, and such determination simplifies the issues to be tried in this very complex case. To delay consideration of the merits of this defense until the time of trial would serve no purpose except to compound and confuse unnecessarily issues which should be met head-on at the time of the trial. Stephens v. Reed, 3 Cir., 121 F.2d 696, 699.

The motion for an order permitting the amendment is therefore denied.