Per Curiam.

The complaint in this action for brokerage commissions was dismissed at the close of the entire case upon *869 the ground that the proof of the financial ability of the prospective purchaser to buy the property upon the terms specified by the respondent was insufficient.
A motion to dismiss a complaint made at the close of the entire case is substantially equivalent to a motion for a directed verdict made at that point (Civ. Prac. Act, § 457-a, subd. 3; Fifteenth Annual Report of N. Y. Judicial Council, 1949, pp. 67, 253-256). In such case the test to be applied by the trial court is whether ‘ ‘ it would be required to set aside a contrary verdict for legal insufficiency of evidence ” (Civ. Prac. Act, § 457-a, subd. 1); in other words, whether there has been an actual defect of proof, and hence, as matter of law, the party moved against was not entitled to recover. (Blum v. Fresh Grown Preserve Corp., 292 N. Y. 241, 245.)
Here it was undisputed that plaintiff’s prospective buyer had used the $35,000 in cash that he claimed was available to him for the purchase of the subject property in April or May 1956 for the purchase of a building from someone else in August, 1956, thus establishing that these funds were in his control notwithstanding that they were deposited in close corporate accounts. Moreover, he testified that he had “ other accounts where funds would have been available if we needed them.”
Viewing this evidence and the inferences reasonably to be drawn therefrom in the light most favorable to the plaintiff (Janvey v. Loketz, 122 App. Div. 411, 413) it was error for the trial court to hold that there was an actual defect of proof as to the buyer’s financial ability and, hence, as a matter of law, the plaintiff was not entitled to recover. (McDonald v. Metropolitan St. Ry. Co., 167 N. Y. 66, 70; Wearever Upholstery & Furniture Corp. v. Home Ins. Co., 286 App. Div. 93, 95.)
In our opinion the evidence adduced was sufficiently tangible to warrant the submission of the case to the jury on-that question, even though more pertinent facts concerning his financial responsibility could have been elicited from the purchaser when he was on the witness stand. (Globerman v. Lederer, 281 App. Div. 39, 42-43.)
The judgment should be reversed upon the law and the facts and a new trial granted, with costs to the plaintiff-appellant to abide the event.
Concur — Pette, Di G-iovanna and Benjamin, JJ.
Judgment reversed, etc.