## NICKERSON *against* W. B. HOWARD.

The defendant gave to the plaintiff a promissory note, as the price or consideration for the assignment of an apprentice to *E.*, at his request. *Held*, that in an action on the note, the defendant could not set up as a defence, that the assignment was not valid. Its validity can only be questioned in a suit by *E* to recover back the price, on a failure of consideration, or in a suit or proceeding in behalf of the apprentice.

*It seems*, that although such indented apprentice is not assignable or transmissible, yet the assignment, as between the old and the new master, would be valid, as a *covenant* for the services of the apprentice; and if the apprentice continues to serve his new master, there is no failure of the consideration of the assignment.

*ASSUMPSIT* on two promissory notes: one dated the 10th of *December*, 1818, for 90 dollars, made by the defendant, payable to the plaintiff; the other, for 61 dollars 79 cents, payable to *William Nelson*, or bearer, on demand, with interest. The cause was tried at the *Putnam* Circuit, in *September*, 1820, before Mr. Justice *Woodworth*.

The defendant offered to prove, that the note first mentioned, was given in consideration of the sale and assignment of the services of an indented apprentice. The evidence was objected to, but admitted by the judge. An indenture, dated the 23d of *June*, 1818, executed between the Overseers of the Poor of the town of *Cortlandt*, in *Westchester*, and the plaintiff, with the assent of two justices, &c., binding *George Warren*, a poor child, aged 11 years, to the plaintiff, until the age of 21 years, in the usual form; and, also, a deed of assignment from the plaintiff to *Everitt Howard*, dated *December* 10th, 1818, for the consideration of 100 dollars, of the use and services of the said apprentice, to hold "the said apprentice," as the property, and for the use of the said *Everitt Howard*, to the end of the term of his apprenticeship, according to the said indenture, were then read in evidence. The defendant proved, that the note for 90 dollars was given by him, as part of the consideration of the said sale and assignment; and a receipt of the plaintiff for 26 dollars and 75 cents, agreed to be endorsed on that note.

A verdict was taken for the plaintiff for 108 dollars and 85 cents, subject to the opinion of the Court, on a case containing the facts above stated.

The case was submitted to the Court, without argument.

PLATT, J. delivered the opinion of the Court. Whether such an indenture of apprenticeship is strictly assignable, is a question which, I think, does not necessarily arise in

NEW-YORK, May, 1821.

NICKERSON v. HOWARD.

this case. The defendant, *Ward B. Howard*, gave the note in question to the plaintiff, as the price of an assignment of an apprentice by the plaintiff to one *Everitt Howard*. The consideration which the defendant received for giving this note, must be presumed to have been paid to him by *Everitt Howard*, for whose benefit it was understood to have been given. Whether the assignment was valid or not, it must be presumed, that the note was made at the request of *Everitt Howard*; and as between him and the defendant, it can never be material whether the assignment of the indenture transferred any interest or not. The validity of the assignment, I think, can be questioned only by *Everitt Howard*, the purchaser, in a suit to recover back the price, for a consideration that has failed, or in a suit or other proceedings on behalf of the indented apprentice.

On the question, whether such an apprentice may be assigned, the rule of law does not appear to be settled with so much precision as might be expected. (*Reeve's Dom. Rel.* 344, 345, 346.) In the case between the parishes of *Caistler* and *Eccles*, (1 *Ld. Raym.* 683.) *Holt*, Ch. J. said, "though it be true that an assignment of a poor child, bound as an apprentice, would not pass an interest in the apprentice; yet it is a good contract, that the apprentice should serve the second master during the time, though the words are grant and assign. Like the case of assigning a bond, though it is not assignable in point of interest, yet it is a covenant that the assignee shall receive the money to his own use." It amounts to a contract between the two masters, that the child should serve the latter. So, that the assignment is good by way of *covenant*, though not as an *assignment*, to pass an interest. (1 *Salk.* 68. 3 *Viner*, *Apprentice*, F. 2 *Wils.* 96.) In the case of *The King* v. *The Inhabitants of Stockland*, (*Doug.* 70.) Lord *Mansfield* said, "though an apprentice is not strictly assignable, nor transmissible, yet if he continue with the consent of all parties, and his own, it is a continuation of the apprenticeship." *Non constat*, in this case, but that the apprentice has voluntarily continued to serve his new master, by consent of all parties. But if the apprentice has refused to serve his new master, then the assignee has his remedy against the first master, on his

assignment, *as a covenant for the service.* It appears to me, therefore, that even between the first and second master, the consideration for which this note was given, has not failed. The plaintiff is entitled to judgment according to the verdict.

Judgment for the plaintiff.