### WILLIAMS *vs.* FINCH.

Where the plaintiff was bound, as an apprentice, to another, until the age of twenty-one years, and subsequently the indentures were assigned to the defendant, with the assent of the apprentice, who went to live with the defendant, and continued to live with him until he was twenty-one years old: *Held* that the plaintiff could not recover of the defendant, under the common counts for work, labor and services, on an implied assumpsit by the latter to pay him therefor.

Under such circumstances, the voluntary continuance of the plaintiff in the service of the assignee of the indentures will be deemed a continuance of his apprenticeship, with his own consent; and the law will not imply a promise by the defendant to pay the plaintiff, for his services.

THIS was an action of assumpsit for work, labor and services, and also upon a special count on a promise by the defendant to pay the plaintiff $100 if he would work for him until he should be twenty-one years of age. The cause having been referred, the referees made a report in favor of the defendant. The plaintiff moved to set aside the report. The other facts in the case are sufficiently stated in the opinion of the court.

Williams *v.* Finch.

*J. Van Vleck*, for the plaintiff.

*J. Adams*, for the defendant.

*By the Court*, HARRIS, P. J.   It is enough to say, with respect to the claim of the plaintiff to recover, under the special count, the one hundred dollars which he alleges the defendant had promised to pay him, if he would work for him until he was twenty-one years old, that the evidence upon that point was doubtful, if not conflicting, and it was therefore the province of the referees to determine on which side of the question the balance was found.   There certainly is no such decided preponderance in favor of the plaintiff, as would justify an interference with the report, on this ground.

The only remaining question presented by this case is whether the plaintiff was entitled to recover upon the *common counts* for work, labor and services.   It appears that in 1824 he had been bound as an apprentice, by the overseers of the poor of the town of Catskill, to one Samuel Finch, until he should arrive at the age of twenty-one years; that in 1831 Samuel Finch, with the consent of the plaintiff, assigned the indentures to the defendant, and the plaintiff went to live with the defendant, and continued with him until he was twenty-one years old. Under these circumstances, inasmuch as the plaintiff, as the apprentice of Samuel Finch, could not be assigned or transferred to the defendant, it is claimed by the plaintiff that the defendant is liable upon an implied assumpsit to pay him for his services.

It is enough, *prima facie*, to show labor performed, in order to raise an implied assumpsit to pay for it.   But this implied promise may be rebutted by evidence which shows that the parties understood that no compensation was to be made.   In this case the defendant, in good faith and for a valuable consideration, took an assignment of the plaintiff's indenture of apprenticeship.   The plaintiff assented to the transfer, and by virtue of such transfer entered into the service of the defendant. Upon the question of an express promise to pay for his services,

the referees have found against him, and their finding must be deemed conclusive. Under these circumstances the law cannot imply a promise to pay for the plaintiff's services. His voluntary continuance in the service of his new master, must be deemed to have been a continuance of his apprenticeship with his own consent. (*Nickerson* v. *Howard,* 19 *John.* 113. *Griffin* v. *Potter,* 14 *Wend.* 209. *Livingston* v. *Akeston,* 5 *Cowen,* 531.) The indentures and the assignment were properly received by the referees as evidence to rebut the presumption of a promise by the defendant to pay for the plaintiff's services. The motion to set aside the report of the referees must therefore be denied.

