## JAMES E. HAYES *v.* HENRY WILLIO.

A contract for the performance of personal duties or services is unassignable, so as to vest in the assignee the right to give directions to, and have control over, the person engaged to perform the services.

Defendant having bound himself to give theatrical performances for A. at any place A. might direct, for a time certain, and not to perform for any one else, *Held*, that A. could not assign his rights under the contract to plaintiff, so as to give him the right to prevent defendant from giving performances for other persons.

APPEAL by defendant from an order made at special term, denying a motion to vacate an injunction restraining the defendant from engaging to appear and play in any other theatre than that of the plaintiff during the time mentioned in a certain memorandum of agreement entered into between the defendant and Imre Kiralfy.[*]

Also, appeal from an order denying a motion to vacate a writ of *ne exeat* against the defendant.

The facts of the case were, that Imre Kiralfy being in London, for the purpose of engaging artists for the plaintiff, the proprietor of the Olympic Theatre, New York, the defendant, who was a contortionist, bird imitator, and pantomimist, came to him and solicited an engagement, but was informed by Kiralfy that he had no authority to engage any one in his line for the

---

[*] The opinion delivered by the judge at special term on making the order is reported in 11 Abb. Pr. N. S. 167.

Olympic Theatre, to which defendant responded that in case the management of the Olympic Theatre would not accept his services, he would go in any place of amusement or circus wherever Kiralfy might send him. After some negotiations, an agreement in writing was made between Kiralfy personally and defendant, who thereafter came to this country and gave performances at the Olympic Theatre, but dissatisfaction having arisen, and defendant having refused to perform there any longer, and having entered into an agreement to perform at another theatre, this suit was brought to restrain him from doing so, by plaintiff, who alleged in his complaint that Kiralfy, in engaging defendant, was acting as his agent. The other facts of the case are stated in the opinion.

*Chas. W. Brooke,* for appellant.

*C. F. Wetmore,* for respondent.

By THE COURT.*—ROBINSON, J.—The agreement upon which this action is predicated was made *in terms* between defendant and Imre Kiralfy, as parties, and the case shows it was not executed by the latter as agent of the plaintiff. Upon no legal principle applicable to the law of principal and agent, can plaintiff be held or deemed substituted instead of Kiralfy, as a party to the contract (or entitled to the personal control which the defendant agreed should be exercised over him by Kiralfy *exclusively*), for his performance in any such theatre, circus, or establishment in the United States as the latter might order or direct, with a provision that defendant should perform in no other without his written permission. Plaintiff had not conferred on Kiralfy any authority to make this engagement, and the want of authority being communicated to defendant, he said " if the management of the Olympic Theatre would not accept his services, he would go in any place of amusement Kiralfy might send him," and after some negotiation this agreement was made between them, but as Kiralfy testifies, " with the expectation that the

* Present, DALY, Ch. J., ROBINSON and LOEW, JJ.

Olympic Theatre (of which plaintiff was manager) would take him off my hands." The defendant accordingly thereafter commenced performing at the Olympic, but from some dissatisfaction left. By the orders appealed from, he has been enjoined from performing at any other place of amusement, and has been imprisoned on a *ne exeat*.

It is evident, from the facts of this case, that the agreement in question was not one made by Kiralfy as agent, but, in view of his want of authority to engage the defendant, and its being problematical whether defendant's services would be accepted at the Olympic Theatre, the contract was distinctly made with Kiralfy individually. Although Kiralfy had no authority to engage artists for the Olympic of defendant's particular class, if the contract had been made solely for the Olympic, subject only to plaintiff's ratification, it might possibly have been sustained as one between him and defendant; but it was one of an entirely different character; it was entirely *executory* and cautiously made *inter partes*, in anticipation of all apprehended contingencies; providing for the *personal* and exclusive control by Kiralfy of defendant's performances at any such place of amusement throughout the United States as he might direct, and for the payment of defendant's salary by him. It had no reference to any delegation of any such control to the plaintiff as the manager of the Olympic, either as principal or assignee, nor to the conferring on him of any of its rights or benefits, nor in any way rendered him liable directly to the defendant for the services defendant performed.

As a general rule, a contract for the performance of personal duties or services is unassignable, so as to vest in the assignee the right to compel its execution (Ch. on Cont. 739; Burrill on Assignts. 67, and cases cited, note 3). As to slaves it is different; but as to apprentices, an assignment of their indentures merely operates as a covenant that they shall serve the assignee (*Nickerson* v. *Howard*, 19 Johns. 113), except as to the indenture of an infant immigrant to pay his passage, as authorized by 2 R. S. 156, §§ 12, 13, 14; and as to convicts, the right of control still remains in the officer of the State (*Horner* v. *Wood*, 23 N. Y. 350).

These *considerations* do not appear to have been presented .on the motion for the orders for the injunction and *ne exeat*, now under review; they are controlling as to the merits of this controversy, and without discussing the other questions presented on the argument and in the opinion of the judge who granted the orders, these orders should be reversed, with costs, and the *ne exeat* superseded and discharged.

*Order reversed.*