## PATTERSON *v.* KELLY.

*(Supreme Court, General Term, Fifth Department. April 16, 1891.)*

ASSUMPSIT—IMPLIED PROMISE—APPRENTICESHIP.

In an action for the value of services rendered by plaintiff for defendant the answer alleged that, while plaintiff was an inmate of the institution for juvenile delinquents, defendant agreed in writing with the superintendent to take plaintiff into his family, provide and care for him, give him certain instruction, and teach him the business of farming, in which defendant was engaged, and, when plaintiff should become of age, to give him a new suit of clothes and $100; and that before plaintiff became of age, he abandoned defendant's family and employ, without just cause. *Held,* that such answer stated a defense, in that it alleged that plaintiff's services were rendered under a contract from which no promise to pay for the value thereof could be implied, though such contract was insufficient as an indenture of apprenticeship.

Appeal from special term, Wayne county.

Action by Stephen Patterson, an infant, by Samuel P. Moulthrop, his guardian *ad litem,* against Stephen Kelly. From an interlocutory judgment sustaining plaintiff's demurrer to the second defense of the amended answer defendant appeals.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*Horace L. Bennett,* for appellant.   *George A. Carnahan,* for respondent.

CORLETT, J. The complaint states, in substance, that the defendant is indebted to the plaintiff for work, labor, and services, consisting of general farm work, between the 6th day of April, 1887, and the 22d day of April, 1890, and that the fair value is $400. The plaintiff further alleges that his father is living, but that he deserted his family, neglected to support them, and that the plaintiff received no benefit or support from either of his parents. Judgment is demanded for $400. The first answer amounts to a denial of the material allegations of the complaint. The second is as follows:

"For his second defense to the cause of action set forth in said complaint the defendant alleges on information and belief that on the 6th day of April, 1887, the plaintiff was an infant 15 years, 7 months, and 11 days old, a juvenile delinquent, and an inmate of the State Industrial School, formerly designated 'The Western House of Refuge for Juvenile Delinquents,' and situated at the city of Rochester, N. Y. That on said 6th day of April, 1887, and while the plaintiff was such juvenile delinquent and inmate, the managers of said State Industrial School, with the consent of the plaintiff, and in pursuance of the statutes in such case made and provided, duly placed the plaintiff during his minority with the defendant, in the employment of farming, and caused him to be instructed in such branches of useful knowledge as were suitable to his years and capacity, under an agreement in writing which the defendant then executed and delivered to them and they accepted, of which the following is, in substance, a copy, as the defendant is informed and believes, to-wit:

" '*Superintendent of the Western House of Refuge*—DEAR SIR: I, Stephen Kelly, of the town of Ontario, county of Wayne, state of New York, by occupation farmer, do hereby agree with the managers of the Western House of Refuge for Juvenile Delinquents, to take Stephen Patterson, an inmate of said house of refuge, of the age of 16 years, August 17, 1887, into my family until he becomes of age, and provide him with sufficient and suitable wearing apparel, board, washing, nursing, and medical attendance, and will cause him to be instructed in reading, writing, spelling, and the general rules of arithmetic, and instruct him to the best of my ability in the business of farming, and fit him for the carrying on the same with advantage to himself and those who may employ him; and at the end of said term will furnish him with a new Bible, and a new suit of clothes, suitable for Sunday or holiday use, in addition to the suit or suits previously furnished, and will give him one hundred dollars in money.                                        STEPHEN KELLY.

" '*Rochester, N. Y., April 6th,* 1887.'

" ' We, the undersigned, citizens of the town of Ontario, county of Wayne, state of New York, certify that we are well acquainted with Mr. Stephen Kelly, whose name is signed to the above agreement, and know him to be a man of good moral character, perfectly responsible, possessing the requisite qualifications for training up such a boy to become a useful citizen, and fully competent and able to fulfill the above agreement in every respect.

" ' *Ontario, April 4th,* 1887.

" ' F. A. HILL, Supervisor.

" ' RUSSELL JOHNSON, Justice of the Peace.

" ' THOMAS HETZEL, Clergyman.'

"That under and by virtue of the said placing and agreement the defendant thereupon took the plaintiff into his family and kept and performed all the covenants and conditions thereof on his, defendant's, part; and that the services mentioned in the complaint of the plaintiff herein were rendered and performed under said placing and agreement, and not otherwise; but the said managers and the said plaintiff failed to perform the conditions thereof, in that before the plaintiff became 21 years of age, and without any just cause or provocation, the plaintiff on or about the 22d day of April, 1890, quit and abandoned the defendant's family and employ, and refused to live with, be instructed by, or work for the defendant any longer."

The third answer is payment, and the fourth, counter-claim. The reply denies the counter-claim. The plaintiff demurred to the second answer, "upon the ground that said defense is insufficient in law upon the face thereof." The respondent's position is that the contract was an attempted indenture of apprenticeship; that, therefore, it was absolutely void for various reasons stated in the brief of the learned counsel; and that the plaintiff could recover on the *quantum meruit.* Numerous statutes and authorities are cited in support of this contention. The appellant's position is that the plaintiff was legally apprenticed to the defendant; that he was regularly placed with the defendant by the arrangement set forth in the defense; that it was binding upon the plaintiff so far as performed, and was valid under the statute of frauds; also that the defense demurred to was good upon the facts alleged in the complaint and stated in the second answer. The appellant also claims that upon the facts appearing in the record there could be no recovery on the part of the plaintiff until he repaid what he received, and that there was no implied contract to pay the plaintiff. Various statutes and authorities are cited in support of this position. The demurrer was sustained by the special term upon the ground that the contract of apprenticeship was void, and that therefore the plaintiff was entitled to recover on the *quantum meruit.* The question as to whether the plaintiff, upon the facts appearing in the record, was entitled to recover on the *quantum meruit* does not appear to have been considered or passed upon by the learned justice before whom the demurrer was heard. The answer demurred to, as above shown, stated that the defendant kept and performed all the covenants assumed by him; that the services mentioned were rendered under the agreement, and not otherwise; that the plaintiff left without just cause or provocation, and abandoned the plaintiff's family and employ, and refused to longer live with, be instructed by, or work for, him. The demurrer admits the statements in the answer. Under the authorities, it is very clear that upon these facts the plaintiff is not entitled to recover upon the *quantum meruit.* In *Williams* v. *Finch,* 2 Barb. 208, it was decided on somewhat similar facts that the plaintiff could not recover. The same was held in *Maltby* v. *Harwood,* 12 Barb. 473. This doctrine was reaffirmed in *Potter* v. *Greene,* in this department, 39 Hun, 72. In the *Maltby Case* the decision was put upon the ground that an implied promise can never be assumed when it is manifested by the conduct and mutual situation of the parties that it was never intended. To the same effect is the *Williams Case.* And in the *Potter Case* the justice delivering the opinion says: "Whatever view may be taken

of this instrument and its effect, no promise on the part of Green can be implied to pay for services of the plaintiff while the latter voluntarily remained with him in the relation which such agreement of apprenticeship purported to place them in respect to each other. The implication of a promise to pay was repelled by the fact that the plaintiff was with him, and in his service, pursuant to the terms of that instrument." The learned justice then cites the cases above referred to. Those cases are decisive of this appeal. The second answer clearly states that all the services were performed in pursuance of the instrument quoted. The facts therein alleged expressly rebut an implied promise to pay for the services. Without considering the other questions in the case, the interlocutory judgment must be reversed. All concur.