Avenue Z Wet Wash Laundry Co., Inc., Plaintiff, v. Morris
Yarmush and Another, Defendants.*

Supreme Court, Kings County, February 4, 1927.

**Master and servant — bilateral contract of employment is not assignable
— action to restrain individual defendant from working for corporate
defendant, competitor of plaintiff — individual defendant entered into
contract with plaintiff's assignor not to engage in competing business
for stated time after termination of employment — injunction denied.**

A bilateral contract for personal services cannot be assigned by either party without
the consent of the other.

Accordingly, a motion to restrain an employee from continuing in the employment
of the corporate defendant herein after leaving plaintiff's service should be
denied, where it appears that the employee agreed to solicit customers within
a specified territory under a contract reciting that he would not for eighteen
months after the termination of his employment be employed or set up a similar
business within said territory, and that the contract was assigned to a third
party who subsequently sold to the plaintiff without the employee's consent.

Motion made to restrain an employee who it is alleged has
a contract with the plaintiff and who has covenanted not to enter
into the service of another doing a like business as plaintiff within
the same territory as that where plaintiff, through the employee,
solicited customers for its laundry, within a period of eighteen
months after the employee left the service of the laundry company.

*Maurice Iserman*, for the plaintiff.

*Milton M. Eisenberg* and *Rosalie Ulrich*, for the defendants.

Callaghan, J.    There are sufficient facts shown here to warrant
the court in restraining the individual defendant who has gone
into the service of the corporate defendant after leaving the service
of the plaintiff, if there was a contractual relation existing between
this plaintiff and the individual defendant.

It appears that in 1924 the defendant entered into a contract
with the East End West Wash Laundry Co., Inc., whereby he
was to solicit customers for the laundry company at a stipulated
compensation.    The territory in which he was to operate was
specified in the contract and it provided that in the event the
relations between the parties were terminated through no act
of the laundry company, the individual would not, for a
period of eighteen months, be employed or set up a similar business
within the territory where he solicited business for the laundry
company.    That contract was subsequently assigned and the

*Affd., 220 App. Div. 740.

good will of the business conducted by the East End Wet Wash Laundry Co., Inc., sold to the Ocean Laundry Service, Inc. Thereafter, the last named corporation sold the laundry together with the good will and assigned that contract to the plaintiff. Defendant served the East End Wet Wash Laundry Co., Inc., and the Ocean Laundry Service, Inc., and after the contract was assigned to plaintiff he continued in the same work and apparently under the same terms and conditions for about one year, when he severed his relations with the plaintiff entirely and entered into the service of the corporate defendant.

The question presented on this motion is whether the plaintiff can enforce the provisions of the written contract. This is a bi-lateral contract for personal services and while the services are not extraordinary or unique, the contract calls for the services of the individual defendant and of no other. This defendant did not assent to the substitution of this plaintiff in the place of the corporation with which he had made the contract, and even though he continued in the service of the assignee at the same compensation and did the same work, that in itself does not show such substitution. (*Chapin* v. *Longworth*, 31 Ohio St. 421.) The general rule is that no bi-lateral contract for personal services can be assigned by either party to it. (1 Williston Cont. 785.) Such a contract involves a personal relation and inasmuch as the performance cannot be delegated, the contract cannot be assigned. (*Paige* v. *Faure*, 229 N. Y. 114; *Nassau Hotel Co.* v. *Barnett & Barse Corp.*, 162 App. Div. 381.) It has long been the law of this State that such a contract is not assignable. (*Hayes* v. *Willio*, 4 Daly, 259.) It follows, therefore, that the motion for an injunction must be denied, and inasmuch as plaintiff has no right to maintain this action the motion to punish the individual defendant for contempt in disobeying the provisions of the restraining order is likewise denied.