# 740 CASES REPORTED WITH BRIEF SYLLABI.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. PATRICK McMORROW, Appellant, v. RICHARD E. ENRIGHT, as Police Commissioner of the Police Department of the City of New York, Respondent.— Determination of police commissioner unanimously confirmed, and certiorari proceeding dismissed, with fifty dollars costs. No opinion. Present — Kelly, P. J., Manning, Young, Kapper and Hagarty, JJ.

LEO SLAVIK, Respondent, v. SUNBEAM BUTTONS, INC., MARIE VANCURA and JOSEPH VACLAVIK, Appellants.— Order, in so far as it requires as a condition to opening default and vacating judgment that defendants file an undertaking in the sum of $2,400, affirmed, with $10 costs and disbursements. No opinion. Kelly, P. J., Manning, Young, Kapper and Hagarty, JJ., concur.

WILLIAM L. STONE, Appellant, v. ANTONY LONGO and " JOSEPH " LONGO, etc., Defendants. LEWIS BOWMAN, Respondent.— Order of the County Court of Westchester county, granting motion to open default of defendant Lewis Bowman, affirmed, without costs. No opinion. Kelly, P. J., Manning, Young, Kapper and Hagarty, JJ., concur.

FRANCES WAGNER, Appellant, v. CHARLES WAGNER, Respondent.— Judgment unanimously affirmed, without costs. No opinion. Present — Kelly, P. J., Manning, Young, Kapper and Hagarty, JJ.

F. CHARLES WAPPLER, Respondent, v. WAPPLER ELECTRIC Co., INC., Appellant.— Order reversed upon the law, with ten dollars costs and disbursements, and motion granted, without costs, upon condition that defendant pay the reasonable expense incurred by plaintiff in producing the papers and documents in question. We think the court had inherent power to compel the production of the documents and papers by plaintiff upon the examination of the witness to be taken in Philadelphia. The action seeks, among other things, to restrain defendant from interfering with plaintiff's business of manufacturing an instrument claimed by plaintiff to have been invented by this witness, but claimed by defendant to have been invented by plaintiff's father while in its employ. The papers and documents in question are material and necessary upon such examination, and the court, having jurisdiction of the person of plaintiff, may compel their production by him. (*Gemson* v. *Perreault*, 201 App. Div. 649.) Kelly, P. J., Manning, Young, Kapper and Hagarty, JJ., concur.

PETER WITKOWSKI, Respondent, v. WILLIAM WEINMAN, Appellant.— Order granting motion for reargument and, on such reargument, reinstating injunction order dated August 4, 1925, affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Manning, Young, Kapper and Hagarty, JJ., concur.

EMMA WIZIG, Assignee of LEON MICHAEL & COMPANY, etc., Respondent, v. KLEIN-MESSNER COMPANY, etc., Appellant.— Order denying motion to strike cause from Trial Term calendar affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Manning, Young, Kapper and Hagarty, JJ., concur.

AVENUE Z WET WASH LAUNDRY Co., INC., Appellant, v. MORRIS YARMUSH and NEW NATIONAL LAUNDRY SERVICE COMPANY, INC., Respondents.— Order denying motion for injunction *pendente lite* affirmed, with ten dollars costs and disbursements. Order denying motion for reargument of motion affirmed, without costs. This court is of opinion that the determination of this cause should await a trial, when all the questions of fact and law may receive full consideration. Kelly, P. J., Young, Kapper, Lazansky and Hagarty, JJ., concur.