SELIGMAN & LATZ, INC., et al., Plaintiffs, *v.* RICHARD NOONAN, Defendant.

Supreme Court, Special Term, Monroe County, April 23, 1951.

*Meyer Fix* for defendant.

*Richard H. Weldgen* for plaintiffs.

ROBERTS, J. This action is brought by Seligman & Latz, Inc., and Seligman & Latz Rochester Corporation as plaintiffs to enjoin the defendant from entering the employ of a rival beauty parlor in violation of a covenant contained in a contract of

employment. The motion to dismiss the complaint is upon the ground that the plaintiffs do not have legal capacity to sue and that the complaint does not state facts sufficient to constitute a cause of action.

On August 12, 1949, Sidney Seligman, Edward K. Latz and Israel A. Latz, a partnership doing business under the name of Seligman & Latz, entered into a contract with the defendant. This contract recited that the partnership operated various beauty and hairdressing salons throughout the United States and Canada wherein beauty treatments of the internationally advertised and world famous Antoine of Paris are given; that the only operators employed in these Antoine Beauty Salons are those who have been specially trained in the highly distinctive Antoine methods and technique and who have been taught the unique Antoine styles and methods of headdress either by Monsieur Antoine himself or at the Antoine Training School operated by the partnership; that the defendant is seeking employment as an Antoine operator and desires to receive training as such; that by virtue of such training the defendant will become possessed of knowledge of the unique technique and methods of giving Antoine hairdress and beauty culture treatments and of fashioning the distinctive Antoine styles. By the terms of the agreement, the partnership agreed to train the defendant in the Antoine Training School conducted by them and thereafter to employ him as an Antoine operator at a salary of $40 per week plus commissions. The defendant undertook and agreed to exert his best efforts in the performance of his duties, not to engage in any other business or profession, not to give any lectures, talk, advice or instructions except at the written request of the partnership, and further agreed that upon the termination of his employment by the partnership, he would not for a period of one year thereafter be employed in, conduct or be associated in any way with any other beauty or hairdressing establishment located within one mile from any Antoine Beauty Salon operated by the partnership.

The complaint alleges that this contract was subsequently assigned by the partnership to the plaintiff, Seligman & Latz, Inc.; that the defendant attended a school operated by Seligman & Latz, Inc., and there received his instruction, and that thereafter the defendant entered the employ of the plaintiff, Seligman & Latz Rochester Corporation, which operates a beauty salon in the store of B. Forman Company, Rochester, New York, under the supervision and control of the plaintiff,

Seligman & Latz, Inc. The complaint further alleges that on or about October 16, 1950, the defendant left the employ of Seligman & Latz Rochester Corporation and entered the employ of or became associated with another beauty salon located at an address which is within one mile of the place of business of Seligman & Latz Rochester Corporation. The complaint contains no allegation that the assignment of the contract from the partnership to the plaintiff, Seligman & Latz, Inc., was with the knowledge, consent or approval of the defendant.

The partners who entered into the contract with the defendant are not plaintiffs in this action. One of the plaintiffs here, Seligman & Latz Rochester Corporation, is not in any way mentioned in the contract but, according to the allegations of the complaint, operates a beauty salon under the control and supervision of the plaintiff, Seligman & Latz, Inc. In the brief submitted by the plaintiffs on this motion, no claim is made that Seligman & Latz Rochester Corporation has any right to seek enforcement of the contract made with the defendant, and it seems apparent that it has no such rights, being neither a contracting party nor an assignee of the contract.

Seligman & Latz, Inc., claims the right to enforce the contract as the assignee of the partnership. Its right to seek enforcement of the covenant in the contract depends upon whether or not the contract is assignable. The weight of authority seems clearly to hold that a bilateral contract involving the performance of personal services cannot be assigned by either party without the consent of the other. (*Paige* v. *Faure,* 229 N. Y. 114; *Avenue Z Wet Wash Laundry Co.* v. *Yarmush,* 129 Misc. 427, affd. 220 App. Div. 740; *Nassau Hotel Co.* v. *Barnett & Barse Corp.,* 162 App. Div. 381, affd. 212 N. Y. 568; 2 Williston on Contracts [Rev. ed.], § 421.)

It is significant that contracts for personal services which contemplate that the services are to be performed personally by one of the parties, terminate upon the death of either of the parties to the contract. (*Lacy* v. *Getman,* 119 N. Y. 109; *Sargent* v. *McLeod,* 209 N. Y. 360; *Matter of Buccini* v. *Paterno Constr. Co.,* 253 N. Y. 256.) A right which does not survive is ordinarily not capable of assignment; at least, survivability is one of the tests of assignability. (*State Bank* v. *Central Mercantile Bank,* 248 N. Y. 428, 434.) In *Rosenthal Paper Co.* v. *National Folding Box & Paper Co.* (226 N. Y. 313) it was held that a license agreement was assignable. In this case the Court of Appeals was careful to point out that the contract did not

involve any personal relationship or skill. At page 326, the court said: " The contract was not purely personal. Its subject did not involve the personal relation, integrity or skill of Seligstein. In case he, owning the patent, had died during the performance, his executor or administrator could have performed."

Contracts involving the element of personal confidence and credit are also held not to be assignable without the consent of the other party. (*Goldschmidt & Loewenick* v. *Diamond State Fibre Co.*, 186 App. Div. 688, appeal dismissed 230 N. Y. 621; *New York Bank Note Co.* v. *Hamilton Bank Note Engraving & Print. Co.*, 180 N. Y. 280; *Heatmor, Inc.*, v. *Bang Oil Corp.*, 256 App. Div. 997.)

The plaintiffs cite certain cases which it is claimed sustain the validity of the assignment here involved. In *Devlin* v. *Mayor of City of New York* (63 N. Y. 8) the court upheld an assignment of a contract for cleaning the streets of New York City. Obviously the contracting party did not himself undertake personally to do the work of cleaning these streets. The court held that this was not a contract for personal services within the rule which it stated in the following language: " contracts other than such as are personal in their character, as promises to marry *or engagements for personal services requiring skill, science or peculiar qualifications, may be assigned* ". (Emphasis supplied.) In *Diamond Match Co.* v. *Roeber* (106 N. Y. 473), the court upheld the assignability of a contract containing a covenant not to engage in a similar business. However, this covenant was a part of the contract for the sale of the property and business of the assignors. The contract did not involve the performance of personal services. In *Rochester Lantern Co.* v. *Stiles & Parker Press Co.* (135 N. Y. 209), a contract to make and deliver certain dies was held assignable. The court, however, in its opinion at pages 216–217 pointed out that " The contract was not purely personal in the sense that Kelly was bound to perform in person, as his only obligation was to pay for the dies when delivered, and that obligation could be discharged by any one." In *Janvey* v. *Loketz* (122 App. Div. 411), an action was brought by an assignee to enforce a contract. The court there specifically held that the defendant knew that the contract had been assigned and had consented thereto and hence the contract was enforcible by the assignee. In *Gargiulo* v. *California Wineries & Distilleries* (103 Misc. 691), the action to enforce the contract was brought not by the assignee but by

the assignor. The court held that if the contract was not assignable, it was enforcible by the assignor. The court in its opinion there stated at page 695: " ' If the contract be personal and the performance of the party himself be the essence thereof, it neither devolves upon his representatives, nor can it be assigned.' "

In *Premier Laundry* v. *Klein* (73 N. Y. S. 2d 60, revd. on other grounds 273 App. Div. 946), also cited by the plaintiffs, the lower court held that a contract between a laundry and a driver, who later became an assistant sales manager, to solicit business, was assignable and that a covenant contained in such a contract could be enforced by the assignee. In reaching this conclusion, the court seems to have relied upon the cases of *Diamond Match Co.* v. *Roeber* (*supra*) and *Francisco* v. *Smith* (143 N. Y. 488), in both of which cases a covenant was sustained which was incorporated in a contract involving the sale of a business and not the performance of personal services. The decision of the lower court in the *Premier Laundry* case (*supra*) seems to be in conflict with the decision in *Avenue Z Wet Wash Laundry Co.* v. *Yarmush* (*supra*).

The contract here before the court involves not only the training and instruction of the defendant by the three men constituting the partnership but it also involves personal services to be rendered by the defendant to the partnership. These services were to consist of his employment as an operator in an Antoine Beauty Salon where according to the contract the only operators involved " are those who have been specially trained in the highly distinctive Antoine methods and technique and taught the unique Antoine styles and methods of head-dress, * * * and these operators are commonly known to the public and among the trade as ' Antoine Operators ' ''. The contract not only required the defendant to render personal services; it required him to render such services because of the special skill and peculiar qualifications which he was to possess through the special training the partnership was to furnish. Under the foregoing authorities, such a contract is not assignable and hence cannot here be enforced by the assignee.

The conclusion reached renders unnecessary a consideration of the other objections raised to the sufficiency of the complaint.

Motion granted, with $10 costs. Submit order.