Samuel M. Gold, J.
This is a motion to dismiss eight canses of action for alleged insufficiency.
The first cause of action seeks damages for the claimed failure of defendant to continue to perform a contract which he had entered into in August, 1944 with plaintiff’s intestate. By that contract, defendant agreed to render his services, as a unique and irreplaceable artistic performer exclusively to plaintiff’s intestate for a period of one year, with options in plaintiff’s intestate to extend the contract for five additional years. By a subsequent modification, plaintiff’s intestate was given options to extend the contract term for six additional years. All the options, except the last, were exercised by plaintiff’s intestate. The latter’s death preceded the date for the exercise of the final option. At the time of the decease of plaintiff’s intestate, defendant had been contractually bound to render services solely and exclusively to plaintiff’s intestate for more than ten years. By the terms of the contract, defendant agreed that plaintiff’s intestate was to have the right to enjoin hfm from working for anyone else, because of his unique and extraordinary talent and the inability to replace him. In addition, defendant granted plaintiff’s intestate the exclusive right to photograph, record and reproduce all defendant’s performances, of whatever nature. The complaint lists the gross weekly compensation payable to defendant for each of the periods covered by the various options which had been granted to plaintiff’s intestate.
Although not all the provisions of the contract are quoted an the complaint and no copy of the contract is annexed thereto *81 as an exhibit, it is clear that this contract, by which defendant bound himself for money to render unique and extraordinary artistic services exclusively to plaintiff’s intestate, is a contract for personal services and as such ceased to exist upon the death of plaintiff’s intestate (Lacy v. Getman, 119 N. Y. 109; Paige v. Faure, 229 N. Y. 114; Nassau Hotel Co. v. Barnett & Barse Corp., 162 App. Div. 381, affd. 212 N. Y. 568; 2 Clark on New York Law of Contracts, § 763; Seligman & Latz v. Noonan, 201 Misc. 96; Sargent v. McLeod, 209 N. Y. 360). Plaintiff attempts to distinguish the contract here involved on the ground that by its terms defendant agreed to render services not only directly to plaintiff’s intestate, but also to anyone else to whom plaintiff’s intestate might engage defendant’s services. This provision is insufficient, of itself, to take the instant case out of the general rule enunciated in the cases above cited. Notwithstanding said provision, plaintiff’s intestate remained the sole employer of defendant. Defendant had to look to plaintiff’s intestate for payment of the agreed upon compensation and had to perform for such persons as plaintiff’s intestate might select.
It is unreasonable to suppose or assume that defendant, in binding himself exclusively to plaintiff’s intestate for many years and thus foregoing the right to work for anyone else for a substantial portion of his life, did not extend credit solely to plaintiff’s intestate and did not rely upon the personal ability of the latter to promote defendant’s artistic career and upon the deceased’s choice of persons for whom defendant was to perform. It is also difficult to believe that defendant would have assumed the onerous obligations of his contract with plaintiff’s intestate if any assignee of plaintiff’s intestate, whether by voluntary transfer or operation of law, could select the persons for whom defendant was to perform and if defendant had to extend credit to any such assignee for the payment of his compensation.
Plaintiff contends that there is a general presumption that a contract survives the death of the parties. This presumption is, however, subject to an exception in the case of a contract for the performance of services of a personal nature. Plaintiff also maintains that the question of whether the instant case survived the death of plaintiff’s intestate should not be determined unless all the provisions of the contract are before the court. In the court’s opinion, however, there is sufficient before the court to enable it to decide whether or not the present complaint is sufficient, insofar as it is based upon the claimed survival of the contract. If plaintiff believes that other pro *82 visions of the contract, not presently before the court, require a different determination, she may serve an amended complaint incorporating those provisions or all the provisions of the contract.
The court holds that the contract did not survive the death of plaintiff’s intestate and that the first cause of action is, accordingly, insufficient.
The second cause of action is predicated upon the survival of the contract beyond the death of plaintiff’s intestate and is, therefore, also insufficient. If the contract did not continue beyond said death, defendant was free to contract with others, even if plaintiff’s intestate had previously been involved in unconcluded negotiations with such others.
The third cause seeks injunctive relief, restraining defendant from working for anyone but plaintiff. The cause is insufficient since it depends for its validity upon the continued existence of the contract, notwithstanding the death of plaintiff’s intestate. The cause is deficient for the additional reason that there is no allegation that plaintiff purported to exercise the final option which covers the current year, beginning May 9, 1956 and extending to May 9, 1957. There is likewise no allegation that plaintiff’s intestate purported to exercise the option for the current year.
The fourth cause of action is not predicated upon the survival of the employment contract. It proceeds upon the theory that defendant tortiously appropriated property rights passing to plaintiff, as legal representative of her intestate. These property rights are alleged to consist of good will connected with the comedy-musical act developed by plaintiff’s intestate and the trade names used to describe the act, as well as the unique routines, style and costuming and other special identifying features, including the special mannerisms used by the performer. Defendant contends that there is no good will attached to a business dependent solely on the personal skill and professional qualifications of the person carrying it on (Bailly v. Betti, 241 N. Y. 22; Coffey v. Metro-Goldwyn-Mayer Corp., 160 Misc. 186; Messer v. Fadettes, 168 Mass. 140; Blakely v. Sousa, 197 Pa. 305, 332).
If it were entirely clear from the allegations of the fourth cause of action that the business of plaintiff’s intestate, after it had been conceived and developed, continued to be solely dependent upon his personal skill and qualifications and his peculiar ability, the cases cited might require dismissal of said causes of action as insufficient. In Coffey v. Metro-Goldwyn-Mayer Corp. (supra) the court found that the personal skill and *83 qualifications of Florenz Ziegfeld were involved in Ms productions and that no transferable good will in his name could therefore exist. In the other cases, there were findings that the personal sMll and qualifications of a participant in the performance were involved. In the instant case, however, it is to be borne in mind that there is no averment that plaintiff’s intestate was a participant in the comedy-musical act conceived by him. It may perhaps be that at the time of his death the act originated and developed by him had attained a definite stereotyped form and no longer required the use of any personal skill or ability on his part, either actual or in the public mind. The business of producing the act may have reached the impersonal status of an ordinary commercial business with a resulting good will which can be transferred voluntarily or by operation of law. It is not sufficiently clear, from the complaint itself, that the act developed by plaintiff’s intestate was so dependent upon the latter’s personal skill and peculiar qualifications that no transferable good will therein could exist. In the circumstances, the motion to dismiss the fourth cause of action must be denied and the question left to the trial. The cause of action is good from a pleading standpoint, at least to the extent that it alleges that defendant, after the death of plaintiff’s intestate, used the trade names associated by the public with the latter’s comedy-musical act.
The same conclusion must be reached as to the fifth cause of action, which seeks injunctive relief upon the basis of the allegations of the fourth cause.
The sixth cause proceeds upon the theory that defendant, in using the trade names associated with the act developed by plaintiff’s intestate, which passed to his administratrix, is guilty of unfair competition. The cause is insufficient since there is no allegation that the plaintiff is actually engaged at present in producing the act under said trade names. Without such allegation, plaintiff is sufficiently protected by the fourth and fifth causes of action, based on the violation of an alleged property right.
The seventh cause is not substantially different from the fourth cause. As no attack has been made upon it on the ground that it adds nothing material to the fourth cause, the motion to dismiss it as insufficient must be denied.
The eighth cause is defective, in that insufficient ultimate facts are pleaded. For example, there is no allegation as to when the loans were to be repaid. Even if it be assumed that no times of repayment were specified and that they were repayable within a reasonable time, no facts as to when the loans were *84 made are stated and there is therefore no basis for determining whether a reasonable time has elapsed.
The motion is denied as to the fourth, fifth, and seventh causes of action and otherwise granted, with leave to serve an amended complaint within ten days from the service of a copy of this order with notice of entry.