# Howe v. Anderson

*Catherine J. Gault,* for Anderson.
*Jack F. Ream,* for Howe.

SPICER, *P.J.,* November 17, 1982 — Equity plaintiff Jack Anderson filed his complaint in equity January 19, 1982. He seeks to enjoin equity defendant John Howe from engaging in a competitive business within 30 miles of Anderson's business. Anderson's business is the sale of feed, seed and fertilizer.

The equity case was the second of two actions which are now consolidated. Howe sued Anderson in assumpsit October 26, 1981. Both actions involve an employment agreement between Anderson and Howe dated July 19, 1976.

At the time of the agreement, Anderson conducted his business as a sole proprietorship; when his equity complaint was filed, he described himself as doing business as a sole proprietorship. He sought a temporary injunction as an individual. A hearing was conducted in May, 1982, after which an injunction was entered by stipulation.

The two cases were consolidated for trial July 12, 1982, and trial was scheduled for October 12, 1982. The pretrial order provided that discovery was to be completed no later than October 1, 1982. On August 20, 1982, Anderson filed his motion to compel production of certain documents and records relating to Howe's sales and business.

Matters were deceptively normal at this time. Unfortunately for routine, Anderson disclosed during depositions something he apparently had forgotten to tell his own counsel. He had incorporated his business January 2, 1981. This was after Howe had left his employ. The business continued under the name of the sole proprietorship except it had an "Inc." at the end.

When Howe learned this, he argued that Anderson was not entitled to compel production of the documents because Anderson had no interest in the cause of action.

At counsel's request, the court held a conference. It became apparent that the case could not be put back on track by such a simple measure. Thereafter, Anderson sought and obtained a continuance of the trial and oral argument occurred on the discovery motion.

This is somewhat deceptive because the issue is not really related to discovery as much as it is related to the real party in interest.

The employment agreement makes clear the fact (and it is not disputed) that Howe was employed as a salesman. He had access to Anderson's customer list and it was the nature of his employment to cultivate that list. As part of the agreement, Howe agreed not to "own and operate the same or similar business as that carried on by" Anderson within 30 miles of Anderson's business for two years after termination of employment. There are no words

anywhere in the agreement providing that it could be assigned.

Howe argues that consent is necessary to assign an employment agreement involving elements of trust and confidence. Indeed, this is the rule: 6A C.J.S. Assignments §29, 32, and 33. This is an exception to the general rule that any contract may be assigned: 3 P.L.E. Assignments §8.

Anderson counters that the special rule is inapplicable because this case involves an assignment of a severable part of the contract, dealing not with personal services but with a covenant not to compete.

Counsel have referred to the court three county court decisions. In two, Jack Tratenberg, Inc. v. Komoroff, 87 D. & C. 1 (1951) and Green's Dairy, Inc. v. Chilcoat, 89 D. & C. 351 (1953), causes of action arising from covenants restraining competition were held assignable. In each of these two cases, the employee was working for an individual when the business was incorporated and continued to work for the corporation thereafter. The employees were held to have consented. There is dicta in Tratenberg that the public policy against assignability does not apply when (1) the same individuals who owned the business own the corporation and (2) the cause of action arises after employment has ceased.

A third case held both that there was no consent and that the covenant had not been breached anyhow: Armstead v. Miller, 52 D. & C. 2d 584 (1971).

Part of the Armstead, opinion conflicts with dicta in Tratenberg which reads at 87 D. & C. 11-12:

We experience a further doubt as to the validity of defendant's contention that the contract in question was not assignable. We, of course, recognize

the general principle prohibiting the assignment of one's right under an employment contract calling for the performance of services of a personal nature. Our doubt arises over the applicability of this principle to the case at hand. Plaintiff's bill does not seek to compel performance of any affirmative personal duty under the employment contract. On the contrary, what is sought is the injunction of defendant's breach of the wholly negative covenant not to solicit certain of plaintiff's customers. It is plain that the reason for the rule of nonassignability is absent where the assignee seeks simply to enjoin breach of a contractual provision which can be of effect only after the termination of the personal employment relationship. In our opinion, the extension of the principle of nonassignability to a situation in which the reason for the rule is clearly nonexistent will lead to illogical and inequitable results. (We have considered the cases of Avenue Z Wet Wash Laundry Co., Inc., v. Yarmush et al., 221 N.Y.S. 506 (1927), and Seligman & Latz v. Noonan, 104 N.Y.S. 2d, 35 (1951), cited by defendant in support of his contention, but find them unpersuasive.)

The court in Armstead scrutinized the agreement, found a lack of intention that it was assignable, and then applied the rule prohibiting assignment of personal services contracts. In our case, there are similarly no express provisions permitting assignment. If we follow the dicta in Armstead, we would hold that the contract is unassignable.

We also note that the covenant does not prohibit Howe from selling seeds or fertilizer. He is prohibited from owning or operating "a similar business as that carried on by the Employer . . ." Employer means Anderson. Anderson, after the assignment, did not carry on the business in question.

However, we decline to follow the principles used in Armstead and adopt those expressed in Tratenberg. We think Tratenberg is supported by Golden v. Tentzer & Schneyer, 92 Pa. Superior Ct. 202, 205 (1927), which states that express provisions or consent of an employee are required for assignment of liability "to perform duties involving his personal ability, integrity, credit or responsibility." A negative covenant does not involve any of these.

We also agree with the Tratenberg decision that public policy does not prohibit assignments to the corporation owned and operated by the same individual who signed the contract. It has been suggested that a servant might not be willing to agree to forego activities for the benefit of a stranger to the original undertaking: Smith, Bell & Hauck, Inc. v. Cullins, 123 Vt. 96, 183 A. 2d 528 (1962). This hardly applies when the only change is the legal form of the business entity and the cast of characters remains the same.

We hold, therefore, that the cause of action arising from the covenant not to compete can be enforced by the corporate assignee owned and operated by Anderson.

Howe argues that Anderson should be estopped from asserting the assignment. It is true that all of Anderson's pleadings and his testimony in the May hearing indicated he personally conducted the business as a sole proprietorship. This is understandable in light of the similarity of names of the corporation and the sole proprietorship. We view the mistake as being the result of confusion about legal relationships and not prevarication.

The erroneous assertions are not serious enough to justify involving the doctrine of estoppel.

Anderson asks us to join the corporation as a

party and to hold an evidentiary hearing on whether the contract was actually assigned.

We certainly have the power to join the corporation as a party: Pa.R.C.P. 2232(c); 7 Goodrich-Amram 2d §2232(c):1.1. However, there is nothing in the pleadings posing an issue of assignment. We will direct Anderson to amend his complaint and join the corporation and to allege those facts upon which he bases his contention that an assignment was effected.

In the meantime, action on the motion for production will be held in abeyance.

### ORDER

And now, November 10, 1982, the court rules that the covenant not to compete was subject to assignment to a corporation owned and operated by Jack Anderson. Anderson is directed to file an amendment to his complaint adding the corporation as a plaintiff and alleging facts relating to an assignment of the contract within 20 days of this order. John Howe shall have 20 days after service to file an amendment to his answer.

The court will hand down an opinion in due course.