■ In the Matter of JAMES H. BOXLEY et al., Appellants, v EDWARD CHALPIN et al., Respondents. In the Matter of the Dissolution of RHYTHM METHOD ENTERPRISES, LTD.—Order of the Supreme Court, New York County (Michael Dontzin, J.), entered on or about December 29, 1989, which, inter alia,

denied petitioners' cross motion pursuant to Business Corporation Law §§ 1008 and 1117, unanimously affirmed, without costs.

Petitioners sought a declaration that the Rhythm Method Enterprises, Ltd. (RME) shareholders' agreement and the personal service contract between RME and the artists of the musical rap group "Public Enemy" were invalid as attorney-client transactions. Petitioners further sought a declaration that the various contracts between RME and the artists it represented were terminated upon judicial dissolution of that corporation. Petitioners appeal from the denial of their applications and from the award of legal fees to counsel for the receiver appointed by the court to wind up the corporation's affairs.

The record reveals that the IAS court properly refused to set aside the RME shareholders' agreement dated February 16, 1987 and its contracts with the artists of "Public Enemy". Whether the agreements sought to be invalidated were "attorney-client transactions" and whether they were entered into by petitioners as a result of improper inducements wherein respondent Skoler, as petitioners' attorney, " 'got the better of the bargain' " (Greene v Greene, 56 NY2d 86, 92; Howard v Murray, 43 NY2d 417, 422) are substantial factual issues not amenable to resolution upon a motion.

Contrary to petitioners' assertions, the management, production and publishing contracts between RME and its individual artists, including "Public Enemy", were assignable to third parties according to their express provisions. Therefore, they were not terminated by the judicial dissolution of RME (Business Corporation Law § 1005 [a] [2]; Paige v Faure, 229 NY 114, 118; Matter of Rodgers v Logan, 121 AD2d 250, 252; Seligman & Latz v Noonan, 201 Misc 96, 98; 3 Williston, Contracts § 423 [3d ed]).

Finally, the legal fees awarded by the IAS court to the law firm representing the court-appointed receiver were within the guidelines established in Matter of Ronan Paint Corp. (98 AD2d 413). Consequently, the award did not constitute an abuse of discretion. Concur—Ross, J. P., Milonas, Rosenberger, Kassal and Rubin, JJ.